COUNTY OF NOBLES *vs.* HAMLINE UNIVERSITY.

June 8, 1891.

Taxes — Territorial Exemption of University Property.—Chapter 43,
Laws 1854, incorporating "Hamline University of Minnesota," provided
that "all corporate property belonging to the institution, both real and
personal, is and shall be free from taxation." *Held*, that this exemption
applies to all property of the corporation which it lawfully might acquire
and hold under the terms of the act, and is not limited to property actu-
ally used and occupied by it as a site for the University.

Same— Such Exemption Valid.—*Held*, *also*, that the territorial legisla-
ture had the power to grant this exemption, and bind the future state
thereby.  Following *First Div., etc., R. Co.* v. *Parcher*, 14 Minn. 224,
(297.)

Case certified from the district court for Nobles county, *P. E. Brown*
and *Severance*, JJ., presiding, after judgment ordered for the respond-
ent corporation in proceedings to enforce payment of taxes against
its lands in that county.   The University is situated, maintained, and
conducted in Ramsey county, where its buildings are situate, and the
lands in question were given to the corporation, as found by the
court, "for the sole use and purposes of such University, and to en-
able it to carry out and accomplish the purpose and object of its in-
corporation, and not.otherwise."

*C. O. Dailey*, for plaintiff.

*Hale & Peck*, for defendant.

MITCHELL, J.   The lands in question belong to Hamline Univer-
sity, and are held by its trustees for the sole use and purposes of
such University, and to enable it to carry out and accomplish the
purpose and object of its incorporation.   The income of the Univer-
sity has never exceeded $18,000 a year.   The University was incor-
porated and established and exists under and by virtue of chapter
43 of the Laws of the territory of Minnesota for 1854, which author-
izes the corporation to acquire, hold, and convey property, real, per-
sonal, and mixed, in all lawful ways, provided the annual income

shall not exceed $60,000. The act further provides that "all corporate property belonging to the institution, both real and personal, is and shall be free from taxation:" The appellant claims (1) that the legislature of the territory of Minnesota had no power to grant any such special exemption to the University; (2) that such an exemption, if granted, was not binding on the future state, which ordained by its constitution that all property should be taxed; and (3) that the terms of the charter above cited exempt from taxation only "the University itself, and the necessary grounds for its proper use." The first two propositions are fully covered and determined adversely to appellant's contention by *First Div. etc., R. Co.* v. *Parcher,* 14 Minn. 224, (297.) The third proposition is based upon an untenable attempted distinction between the "institution" and the "corporation." The "institution" established by the act was a body corporate to be known by the name of "Hamline University of Minnesota." It is perfectly apparent that all through the act the words "university" ·and "institution" are used as synonymous, and that both words are used as meaning the corporate body. The term "institution," although sometimes used as descriptive of the establishment or place where a business is carried on, properly means an association or society organized or established for promoting some specific purpose. Webst. Dict.; *Morris* v. *Lone Star Chapter,* 68 Tex. 698, (5 S. W. Rep. 519;) *Gerke* v. *Purcell,* 25 Ohio St. 229, 244; *Humphries* v. *Little Sisters of the Poor,* 29 Ohio St. 201. It is evidently in this sense that the word is used in this act. The expression "all *corporate* property belonging to the institution" clearly shows, when taken in connection with the whole act, that the legislature did not intend to distinguish between property of the "institution" and the "corporation." The institution, as distinguished from the corporation, has no being, and is incapable of owning property. Had it been intended to limit the exemption to property directly used and occupied by the University, different language would have been used. The language of the exemption is so broad, and coming, as it does, after numerous allusions to property which the corporation might acquire other than that which would be directly used by the University, that

there can be no doubt of its application to all property of the corporation which it might lawfully acquire and hold.

Judgment affirmed.