# IN THE MATTER OF THE PROCEEDINGS TO ENFORCE PAYMENT OF TAXES.

## STATE v. W. L. HARRIS REALTY COMPANY.[1]

January 7, 1921.

No. 22,044.

**Hamline University — tax exemption.**

1. The tax exemption extended by section 11 of chapter 43, Laws

[1] Reported in 180 N. W. 776.

1854, to the Hamline University of Minnesota, which was created and established by that act, is not affected nor in any manner controlled by the provisions of section 1 limiting the quantum of income producing property the corporation may own and hold, and remains in full force and effect as to all property of the corporation, though its income may exceed the limit stated in that section of the act.

**Corporation — forfeiture of charter.**

2. An exercise of corporate powers in excess of those granted by law constitutes, where no other penalty is prescribed by law, a basis or ground for the forfeiture of its charter at the suit of the state.

**Same — when statute omits penalty.**

3. Where the penalty for an excessive exercise of authority is not prescribed by statute a forfeiture is the only redress; the court cannot otherwise punish the offending corporation.

In proceedings in the district court for Hennepin county to enforce payment of real estate taxes remaining delinquent on the first Monday of January, 1919, W. L. Harris Realty Company answered, alleging "that the trustees of the Hamline University of Minnesota is a corporation created and existing under the laws of the state of Minnesota, and especially by and under chapter 43, Laws of 1854 of Minnesota Territory" and that corporation is an educational institution; that the land in question had been exempt from taxation under that law; that notwithstanding such exemption the city assessor had listed and assessed it for general taxes of 1917; that W. L. Harris Realty Company entered into an agreement with the trustees of the university on July 24, 1916, leasing the land for 100 years. The matter was heard by Bardwell, J., who made findings and as conclusions of law found that the property was exempt from the general taxes of 1917; that it was not exempt from special assessment by reason of being owned by the trustees of Hamline University; that the general taxes for 1917 so assessed were void; that the special taxes amounting to $148.15 were a valid tax and lien against the property. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Paul J. Thompson,* Acting County Attorney, *Frank J. Williams,* Assistant, for appellant.

*Lancaster, Simpson, Junell & Dorsey,* for respondent.

BROWN, C. J.

In proceedings for the taxation of certain real property owned by the Hamline University of Minnesota, held by the W. L. Harris Realty Company under a lease for a term of years, the defense that the title and interest of the University was exempt from taxation was sustained by the trial court and the state appealed. The leasehold estate was held taxable.

The facts are not in dispute. Hamline University was established and organized by the territorial legislature by chapter 43, p. 105, Laws 1854. By section 1 of the act the corporation was authorized and empowered to conduct an institution of learning at the point stated therein, within the territory, and to do all things and make all necessary rules and regulations incident to the proper conduct of its affairs, and among other things, "with full power to sue and be sued, to plead and be impleaded, and to acquire, hold and convey property, real, personal and mixed, in all lawful ways: Provided always, that the annual income shall not exceed sixty thousand dollars." Section 11 vests in the trustees power to fix rates of tuition for students; requires a faithful application of all funds to the best interests of the institution; to erect necessary buildings; provide for the support of the officers and instructors; to receive donations and bequests and apply the same in conformity with conditions imposed by the donor, and that "all corporate property belonging to the institution, both real and personal is and shall be free from taxation."

The tax involved in the proceeding was assessed for the year 1917. The income of the corporation for the year 1916 from all sources amounted to the sum of $70,582.89, of which $25,862.04, was derived from the tuition and other payments by students; the income for the year 1917 amounted to $89,670.26, included therein being the sum of $31,437.83 received from tuition of students, and for 1918 the income was $69,034.99, including student payments of $36,031.19.

It is the contention of the state that the provisions of section 1 of

the act limiting the income of the corporation to $60,000 a year is a direct limitation on the tax exemption clause found in section 11, and that since the total income of the institution exceeds the limit of $60,000, the interest of the university in and to this property is not exempt from taxation. The contention is not sustained. In our view of the act, taken as a whole, the clause authorizing the corporation to acquire and hold property, real, personal and mixed, in all lawful ways, provided its income does not exceed the amount stated, was intended solely as a limitation upon the quantum of income producing property to be acquired under its general grant of authority. Properly construed it can have no relation to or restrictive effect upon the tax exemption clause, which is general and unqualified. In fact to couple those two provisions together with one restraining the other, some difficult if not absurd situation frequently would be presented, to the embarrassment of efforts to tax the property, which would seem to justify the conclusion that neither clause can, with the legislative intent in mind, be construed or held to control or in any way affect the other.

For illustration, if perchance the property of the corporation should for a particular year produce an income execeeding $60,000, would that fact expose its entire property to taxation? If the following year the income should fall below the limit, would the property be removed from the tax rolls for that year? In short, would the right of the state to tax the property vary from year to year according as the income of the corporation might exceed or not exceed the limitation? And if the excess income would expose to taxation only a sufficient amount of property to reduce the income to the limit authorized, by what process would it be selected, and what assessment district would take precedence in the levy and collection of the tax? Manifestly the conclusion would not follow, as a matter of law, that the entire property would by an excessive income be exposed to taxation, for the charter of the corporation prescribes no such penalty, without which the court could not so declare. Naturally the corporation may have property in different counties or assessment districts, and if the excessive income subjects only a portion of the property to taxation, nothing short of an arbitrary ipse dixit of the

court would entitle any particular county or assessment district to claim the prior right of taxation. Clearly the legislature did not intend to create situations of the kind, and the court should not, by the process of construing the provisions of the charter, make their coming into existence possible or probable.

But further, a stronger reason for the conclusion stated presents itself in this: Ordinarily an exercise of corporate powers in excess of those granted by law furnishes at most, in the absence of an express statutory penalty, a cause of basis for a forfeiture of the charter or franchise in appropriate direct proceedings by the state. In this case no penalty of any kind is prescribed for a violation of the income producing authority of the corporation; the court cannot supply the omission by singling out a loss of the tax exemption as appropriate to the offense. And since there is no provision of this charter imposing a loss of the tax exemption as a result or consequence of an excessive income, and the court is without power to impose that as an appropriate penalty, we hold that the exemption remains intact, and the property in question therefore not taxable. County of Nobles v. Hamline University, 46 Minn. 316, 48 N. W. 1119; State v. Bishop Seabury Mission, 90 Minn. 92, 95 N. W. 882. The case of Yale University v. Town of New Haven, 71 Conn. 329, 42 Atl. 87, 43 L.R.A. 490, cited by appellant, is not in point.

In view of that conclusion we do not consider the question whether in determining the income of the corporation, as applied to the limitation referred to, tuition fees and student charges, donations or other similar receipts should be included or excluded. It is probable that the legislature in fixing the limitation did not have those items in mind, and intended to include only such items as might be derived from the property authorized to be held and owned by the corporation. Nor do we consider whether the power of the corporation in the particular case here involved may be enlarged or extended in the manner attempted by chapter 75, p. 93, Laws 1905, if an enlargement or extension of authority be the effect of that act.

The judgment appealed from is affirmed.