Gaines, Associate Justice.
Appellee, a corporation organized as alleged for purposes of purely public charity, brought this suit to restrain the appellant, as tax collector for Travis county, from proceeding to enforce the collection of taxes assessed upon its property in the city of Austin. The property assessed consists of a parcel of land in the city, upon which is erected a three story brick building, which is known as the “Masonic Temple.” The record shows “that the third or upper story of said building is divided into convenient rooms,' which are occupied and used by plaintiff and other Masonic bodies to hold their meetings in, and is used for no other purpose, the other Masonic bodies mentioned paying to plaintiff rents for the use of said rooms, amounting in all to about twenty-five dollars per month; and that the first and second stories of said building are divided into' rooms which are rented to different persons, and plaintiff receives a monthly rental for each of said rooms', amounting in the aggregaté to about one hundred and fifty dollars per month for all of the rooms in said first and second stories.”
The court below found that the plaintiff fcorporation was an “institution of purely public charity,” and that the property was exempt from taxation under the Constitution and laws of our State, although the greater part of the building was leased at a monthly rental to sundry persons, to be used for purposes wholly unconnected with the objects of the order. The findings of the court.are assigned as error.
If it can be shown that property belonging to a charitable association, not directly and exclusively used by it in furtherance of its charitable purposes, but partly rented for profit, though its *703 revenues be exclusively devoted to the objects of the charity, is not exempt from taxation in our State, it will be unnecessary to determine whether or not the appellee can be deemed an “institution of purely public charity,” as those words are used in our Constitution. Article 8 of that instrument, which regulates the power of taxation, exempts nothing except two hundred and fifty dollars worth of household and kitchen furniture. Section 2 of that article gives the Legislature power to make certain exemptions, but provides that all laws exempting property from taxation other than the property therein mentioned shall be void. It is clear, therefore, that, in order to escape the charges of government, the property must appear to be embraced both within some one of the classes named in the section mentioned, and also in the exemptions actually provided for in the statute made in pursuance thereof. (Red v. Johnson, 53 Texas, 284.) So much of the section as is pertinent to this discussion reads as .follows:
“But the Legislature may, by general laws, exempt from taxation public property used for public purposes; actual places of religious worship; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons, for school purposes (and the necessary furniture of all schools), and institutions of purely public charity; and all laws exempting property from taxation, other than the property above mentioned, shall be void.”
The grammatical construction of this provision is not clear. The word “ institution ” properly means an association organized or established for some specific purpose (see the word in Webster’s Dictionary), though it is sometimes used in statutes and in common parlance in the sense of the building or establishment in which the business of such a society is carried on (Gerke v. Purcell, 25 Ohio State, 249.) Hence that part of the section under consideration which contains this word may have been intended to read either “all buildings used exclusively and owned by persons or associations of persons for school purposes * * * and all institutions (meaning establishments with houses, grounds, etc.) of purely public charity;” or, “all buildings used exclusively and owned by persons or associations of persons for school purposes, * * and all buildings used exclusively and owned by institutions of purely public charity.” In the Constitution of Ohio the word seems to have been used in the former sense (Gerke v. Purcell, supra); but we are of the opinion that the latter reading gives the more reasonable *704 construction of the language as used in the Constitution of our State. This gives to the word its proper meaning and is in accord with the spirit of the other provisions contained in the section.
The Legislature is empowered to exempt only “actual places” of religious worship and actual burial grounds not held for profit, and for school purposes, merely the buildings (including the grounds on which they are situated) and the necessary furniture. In neither case is property which is not actually used as a place of worship or burial or as school house exempt, although it may be used for the support of religion or education or to secure the decent burial of the dead. If it had been intended to exempt all the property of charitable institutions, it would seem that more general terms would have been used. Besides, the omission of the word “all” before the word “institutions” would indicate that the former construction was not. intended. It was used before the word “buildings” and the word “schools” in the same sentence, when the meaning in both instances would have been clear without it. It would seem, therefore, to have been omitted before the word “institutions,” because its insertion there would have changed the meaning which was intended to be conveyed.
Assuming then, that the intention was merely to authorize the exemption of real estate used exclusively by charitable institutions, we are next to inquire whether the property in controversy is embraced within that designation, or within the description contained in subdivision 6 of article 4673 of the Revised Statutes, to which we shall hereafter refer.
The burden of showing that an exemption from taxation exists rests upon the party who claims it (Redemptionist Fathers v. Boston, 129 Massachusetts, 178); and when the construction of the law is doubtful, the doubt will be resolved in favor of the State and against the exemption. (Phillips’s Exeter Academy v. Exeter, 58 N. H., 306; Indianapolis v. Grand Master, 25 Ind., 518; Cincinnati College v. State, 19 Ohio, 110; Philadelphia v. The Academy, 22 Pa. State, 496; Crawford v. Burrell, 53 Pa. State, 219; Cooley on Taxation, 54 and 147; The State ex rel. v. Board of Assessors, 35 La. Ann., 668.)
The reason of these rules would seem to be, that it is but just and equitable, that the property of all persons and associations of persons should bear the burdens of government in equal proportion; and hence it is to be presumed that the law makers did *705 not intend to make an exemption in favor of any class unless that intention be clearly expressed.
Applying these rules, we conclude that the building in question is not “ used exclusively ” by appellee in the sense given to those words in the Constitution—the exclusive use meant, being the actual and direct use for the purposes of the association; and not a use by others for revenue, although that revenue may be •exclusively appropriated for the objects of charity. The Legislature in exercising the power conferred by the Constitution seems to have followed the construction we have adopted, and exempted “all buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions, not leased or otherwise used with a view to profit, and all moneys and credits appropriated solely to sustaining such institutions.” This means that a building leased for profit is not exempt although such profit may be appropriated solely to the purposes of the charity and not to the private gain of its promoters or stockholders. The other provisions in the same article show this; and notably the last clause in subdivision one, in relation to the school houses which expressly excepts from the exemption of school property “ all leasehold estates of real property held under the authority of any college or university of learning.” This position is also sustained by the analogy of the sentence which exempts the property of counties, cities and "towns. The exemption is limited to their property “ owned and held only for public purposes, such as public buildings and sites therefor.” (Constitution, article 11, section 8.) The constitutional and statutory provisions which have been quoted are very similar to those of the State of Ohio—much of the same language being used.
The construction of the Ohio laws came under consideration in the Supreme Court of that State, and that court held that it is only the property of a charitable institution which is used directly and exclusively by it which is exempt, and that the leasing a part of it subjects the whole to taxation. (Cincinnati College v. The State, supra.) The court say: “But when any society, no matter of what kind, * * enters the common business of life and uses property for the purpose of accumulating money, the government should, and we think the statute does, treat it in the same way persons are dealt with, who are using property in a similar manner and engaged in the same business. Government can not discriminate between the uses which differ *706 ent societies or individuals will make of the proceeds of their business, and determine this society or individual will make a more worthy disposition of the proceeds of his business than that, and therefore the one shall be taxed and the other not. The Legislature could not, without a flagrant violation of the principles of equality on which our institutions are founded, make a distinction such as is contended for between the store of the Cincinnati College and that of an individual.”
The facts of that case as ,to the use of the building were quite similar to the facts of the case before us. The opinion is instructive upon all the questions raised in this case; and a careful consideration of it, we think, will lead to the conclusion that our laws upon this subject were substantially copied from the Ohio laws, and that the construction given there to their laws should be applied here to ours. It is but reasonable to presume that the law makers considered that property which was producing an income, could bear a tax, although they deemed it proper to exempt such as was used exclusively for public charity and at the same time yielded no revenue.
Many of the States have statutes of similar import to our constitutional and statutory provisions upon this subject, and, so far as our investigation has gone, it is generally held that the renting of even a part of the building for profit, though the proceeds be devoted to the charity, subjects such part at least to taxation. (The Presbyterian Seminary v. The People, 101 Illinois, 578; Commissioners v. Sisters of Charity, 48 Maryland, 34; Appeal Tax Court of Baltimore v. St. Peter’s Academy, 50 Maryland, 321—especially that portion of opinion devoted to “The Red Men’s Hall,” p. 352; Appeal Tax Court of Grand Lodge, 50 Maryland, 427; Mayor v. Grand Lodge, 60 Maryland, 280; The State ex rel. v. Board of Assessors, 35 Louisiana Ann., 668; The State ex rel. v. Board of Assessors, 34 Louisiana Ann., 574; Fort Des Moines Lodge v. County of Polk, 56 Iowa, 34; Mulroy v. Churchman, 30 Iowa, 715; same case, 52 Iowa, 238; Trustees v. Boston, 120 Massachusetts, 212; Lowell v. Meetinghouse, 1 Met., 538; Pierce v. Ambright, 2 Cush., 611; Wyman v. St. Louis, 17 Missouri, 335; Library Association v. Pelton, 36 Ohio State, 253; City of Indianapolis v. Grand Master, 25 Indiana, 518. See also University v. People, 99 United States, 309; State v. Ross, 4 Zab. (New Jersey), 497; Academy v. Exeter, 58 New Hampshire, 306; Church v. Axtell, 41 New Jersey Law, 117 McLean.
*707 Opinion delivered November 1, 1887.
Gerke v. Purcell, 25 Ohio State, 229; County of Hennepin v. Grace, 27, Minnesota, 503.
In Red v. Johnson, 53 Texas, 284, our own court held that a building used as a family residence and also as a school house is not one used exclusively for school purposes, and is therefore not exempt. The case of Cassiano v. The Ursuline Academy, 64 Texas, 673, does not come up to the question before us. It merely decides that the grounds upon which a school building stands, "with those immediately contiguous, necessary for the recration of the pupils and to supply them with vegetables, are exempt with the building. It is not held, that if a portion of the property had been leased, it would not be subject to taxation. We have no case which so holds, and we have found none in other States having similar statutes. The counsel for appellee has produced a strong array of authority upon the proposition that appellee is an institution of purely public charity; but we hardly think he is sustained by a case which has been cited, upon the question we now have under consideration. This is because, as we think, the authorities upon that side of the question do not exist.
The property in controversy having been leased for purposes of profit, we think the court below erred in holding it exempt from taxation. This is decisive of the litigation and renders it unnecessary that we should pass upon the question, whether appellee is an institution of purely public charity within the meaning of the Constitution.
The facts of the case are undisputed; and no good can result from remanding the cause. The judgment will therefore be reversed and here rendered for appellant.

Reversed and Rendered.