**STATE v. SETTEGAST et al.\***
(No. 466–3579.)

(Commission of Appeals of Texas, Section A.
Oct. 24, 1923.)

Taxation ☞241(1) — Property occupied by third persons, under rental contracts with charitable institutions, held not exempt from taxation.

Property consisting of six regular city blocks, on which were located rented cottages or houses belonging to a charitable institution, the rent from which was used solely for the benefit of such institution, *held* not within the constitutional exemption from taxation in favor of charitable institutions, since the property was not used exclusively by such institution.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by the State against J. J. Settegast, Jr., and others, constituting the Hermann Hospital Estate. From a judgment for defendants, affirmed by the Court of Appeals (227 S. W. 253) the State brings error. Judgment of Court of Civil Appeals and district court both reversed, and judgment rendered for State.

E. H. Vasmer, of Houston, for the State.
J. W. Lockett, of Houston, for defendants in error.

GERMAN, J. This suit was instituted November 24, 1917, by the state of Texas against the trustees of the Hermann Hospital Estate, to recover taxes due for the years 1915 and 1916 on a certain lot of land situated in the city of Houston. Under the will of George H. Hermann, title to certain property in the city of Houston was vested in trustees for the purpose of building and maintaining a public charity hospital for the benefit of the poor, indigent, and infirm residents of the city of Houston. This hospital was to be known as the Hermann Hospital. The trustees are now conducting the business of managing the property and constructing the hospital under the name of the Hermann Hospital Estate. At the time of the trial the actual building of the hospital had not been begun. It is admitted that the property on which the taxes are sought to be recovered is equivalent in area to six regular city lots, and has on it six cottages or rent houses, all of which are being rented, and all rents and income therefrom are to be used solely to support and maintain the Hermann Hospital. The hospital itself is to be built on other property, and this property is not to be used directly in connection with the building or operation of the hospital, but only to aid in its maintenance, as above stated.

That the Hermann Hospital Estate is an institution of purely public charity we do not think can be questioned. The only matter here to be determined is whether the property in question is used exclusively by such institution. Since the opinion of the Court of Civil Appeals was rendered (227 S. W. 253), the Supreme Court has decided the case of City of Houston v. Scottish Rite Benevolent Association, 111 Tex. 191, 230 S. W. 978, and the construction there given to the present provisions of our Constitution settles this case. It was held by the Supreme Court in the case mentioned that no property owned by an institution of purely public charity came within the constitutional provision authorizing an exemption from taxes, unless it was used exclusively by such institution. It is further held:

"It does not satisfy the constitutional requirement that the use by others was permitted by the owner to obtain revenues to be devoted entirely to the owner's work of purely public charity."

In Morris v. Lone Star Chapter, Masons, 68 Tex. 703, 5 S. W. 519, it was held that the constitutional provision as it existed at that time applied to "all buildings used exclusively and owned by * * * institutions of purely public charity," and, in the case of City of Houston v. Scottish Rite Benevolent Association, the Supreme Court has clearly shown that this interpretation was carried into and became a part of the present Constitution. Counsel contend that the addition of certain clauses relating to the endowments of schools has changed the meaning of the Constitution from what it was at the time of the decision in Morris v. Masons, supra, and that the Legislature may now grant the exemption to the "institution." If this be true, still the term "institution" would mean all buildings used exclusively and owned by the organization, as under the old constitutional provisions, or would mean the organization itself, and not its property; and in either event the exemption could not be extended to property occupied and used by third persons under rental contracts.

It follows, therefore, that the judgment of the trial court and of the Court of Civil Appeals, holding that the property upon which the taxes were claimed by the state to be due was exempt, should be reversed, and judgment rendered for the state for the taxes claimed to be due, for foreclosure of its lien, and for all costs, and we so recommend.

CURETON, C. J. Judgment of the Court of Civil Appeals and district court both reversed, and judgment rendered for the state for taxes due and foreclosure and for costs.