## MARKHAM HOSPITAL v. CITY OF LONGVIEW et al.

### No. 6183.

Court of Civil Appeals of Texas. Texarkana.

Nov. 14, 1945.

Rehearing Denied Nov. 22, 1945.

J. N. Saye, of Longview, for appellant.

H. P. Smead and Fred Erisman, both of Longview, for appellees.

WILLIAMS, Justice.

The City of Longview, Texas, the Longview Independent School District and the State of Texas, prosecute this suit against Markham Hospital, a corporation, to recover taxes duly assessed and levied during the years 1940 to 1943, inclusive, against its 74 room hospital building, equipment and grounds situated in Longview, Texas. The case tried upon an agreed statement of facts, resulted in a judgment in favor of plaintiffs.

The defendant, incorporated under the laws of Texas in 1936 as "Markham-McRee Memorial Hospital", changed its name in 1942 by an amendment to its charter to that of Markham Hospital. With this sole exception, it is the same defendant involved in City of Longview v. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 S.W.2d 1112, wherein that court concluded that "defendant corporation is admittedly a charitable institution, and is engaged in the operation of the hospital in question as a charitable enterprise. It is clearly such an institution as comes within the provisions of Section 2 of Article 8 of the Vernon's Ann.St. Constitution." The agreed statement of facts before us supports the same conclusion here.

The application of above constitutional provision and of Art. 7150(7) of the R.C.S. of Texas 1925 to the facts of the instant case presents the sole question on this appeal.

C. L. Brookins, employed by defendant as a laboratory technician during the years involved, performed laboratory tests of patients in the hospital as requested by the physicians. At the same time he was given permission by the hospital to do outside work as a laboratory technician if it did not interfere with his duties as such employee of the hospital and was allowed and did use the hospital laboratory and equipment along with some of his own equipment in the discharge of his duties for the hospital and in his operation of the East Texas Medical Laboratory. He was the sole owner of and retained all income received from his services as a laboratory technician rendered to outside interests under above trade name. He had his own private post office box in which he received from persons living outside of Longview specimens which required his time and services as such technician, which work when so received was done in the hospital laboratory. He received his telephone calls over a branch telephone from the hospital PBX to the laboratory, recently installing a separate telephone. He paid no rent for any room or part of the hospital and had no personal command or direction over the hospital or its buildings outside of the laboratory which he was permitted to use and did use free in carrying on his outside work as that of "East Texas Medical Laboratory." Brookins did not have rented any part of the hospital and paid no rentals. The maintenance of laboratory service is necessary in the successful operation of a hospital. Defendant collected from the patients in the hospital certain scheduled fees for the laboratory tests performed by Brookins, which netted the hospital a small profit each year. During the period Brookins performed a large per cent of his tests at hospitals in adjacent towns. He received from and was paid by defendant a monthly salary of $100 for his services as laboratory technician in the hospital. His total gross income, including his salary from defendant, amounted to around $4,000. He estimated that five per cent or less of the tests he made for outside interests as "East Texas Medical Laboratory" was performed in defendant's laboratory.

The rentals of and the receipt of rents by the hospital from certain physicians discussed in City of Longview v. Markham-McRee Memorial Hospital, supra, are not involved in this appeal, the same having been discontinued.

■ In Santa Rosa Infirmary v. City of San Antonio, Tex.Com.App., 259 S.W. 926, 932, 931, it is stated:

"The constitutional requirement is two-fold; the property must be owned by the organization claiming the exemption; it must be exclusively used by the organization, as distinguished from a partial use by it, and a partial use by others, whether the others pay rent or not."

"* * * if any part of it is rented out and the relation of landlord and tenant created, that very fact would necessarily destroy the exclusive use necessary to be retained by the owner to bring its property within the plain terms of the Constitution, and it has been therefore held, as it was in that case (Morris v. [Lone Star Chapter No. 6, Royal Arch] Masons, 68 Tex. 698, 703, 5 S.W. 519) and in State v. Settegast, Tex.Com.App., 254 S.W. 925, that the leasing of all or any part of a charitable institution's property to those not themselves engaged in a wholly charitable work, or the occupancy of even a part of the property by others under what amounts to an equivalent situation (City of Houston v. Scottish Rite Ass'n, 111 Tex. 191, 230 S.W. 978), destroys the exempt character of the property * * *."

■ It appears from the holding by the Supreme Court in the City of Houston v. Scottish Rite Ass'n, supra, Red v. Johnson, 53 Tex. 284, 288, and Benevolent & Protective Order of Elks v. City of Houston, Tex.Civ.App., 44 S.W.2d 488, that the relationship of landlord and tenant or the payment of rents, either or both are necessarily requisites to destroy the exemption granted a purely charitable institution from taxes, for as stated in Santa Rosa Infirmary v. City of San Antonio, supra, "The occupancy of even a part of the property by others under what amounts to an equivalent situation (leasing of a part of the institution's property) destroys the exempt character of the property." This property was not exclusively used by the institution. Brookins was permitted to and did use a part for his own use and revenue in carrying on the East Texas Medical Laboratory. In this, the institution did not share in the revenue derived therefrom. In deference to the holdings in above cases, reaffirmed in City of Longview v. Markham-McRee Memorial Hospital, supra, it is the conclusion of this court that the use of the hospital laboratory and equipment by C. L. Brookins, doing business under the trade name of "East Texas Medical Laboratory", of parties not connected with Markham Hospital and retaining for his own use and gain the charge made for such services that were performed in the hospital is such partial use of the hospital facilities and building as distinguished from an exclusive use by defendant as to deprive defendant of the constitutional and statutory exemption from taxation.

■ According to the oral testimony given by Brookins, his use of the defendant's laboratory and equipment for his outside work or for his own profit amounts to a very small per cent when compared to the amount of his work performed in hospitals away from Longview and when compared to the use of the hospital rooms and facilities by outside surgeons and physicians in administering to their patients in the hospital. Appellant asserts that such insignificant use of the hospital by Brookins should not destroy the exemption from taxes; that the term exclusively should be interpreted by the court to mean "substantially all" or "for the greater part," citing the holdings in Anoka County v. City of St. Paul, 194 Minn. 554, 261 N.W. 588, 99 A.L.R. 1137, and State ex rel. Spillers v. Johnston, 214 Mo. 656, 113 S.W. 1083, 21 L.R.A.,N.S., 171. Our courts have followed the rule that "Exemptions from taxation are never favored, and in the construction or interpretation of a law extending exemption from taxation to any citizen or class of property all doubts are resolved against the exemption." Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 68 Tex. 698, 703, 5 S.W. 519. See also 51 Am.Jur., Taxation, Secs. 524 to 527. Red v. Johnston, supra; City of Longview v. Markham-McRee, supra; City of Houston v. Scottish Rite Ass'n, supra. Grounded upon the above authorities, the construction of the term "exclusively used" here urged is respectfully overruled.

The judgment is affirmed.