

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXIIXIXXXIXSON
ATTORNEY GENERAL

Hon. A. P. Allison
County Attorney
Kerr County
Kerrville, Texas

Dear Sir:    Opinion No. 0-7148
             Re: Hospital tax exemption.

We acknowledge receipt of your request for "an opinion
as to whether or not the real estate upon which the Hal and
Charlie Peterson Foundation proposes to construct a hospital
will be exempt from county and state taxes."

Attached to your request are statements of fact and a
copy of the "Charter of Hal and Charlie Peterson Foundation"
of Kerrville, Texas. The purpose for which said corporation
was formed reads:

". . . the support of any charitable or educational
undertaking as authorized by Subdivision 2 of Article
1302 of the Revised Civil Statutes of the State of Texas
of 1925. Such purposes shall always be limited to and
exclusively for public charitable or educational purposes
in the State of Texas, and no part of the earnings or
assets of this corporation shall ever inure to the benefit
of any private shareholder or individual, and no part of
the activities of this corporation shall be to carry on
propaganda, or otherwise to attempt to influence legisla-
tion."

Your statement of facts sets out:

"Hal and Charlie Peterson have set up a trust for
charitable purposes to which a substantial part of their
income has been directed, and which will be further endowed
by them and ultimately from their estate. It is contemplat-
ed that then, or at least as the first major investment or
activity on the part of this charitable trust, will be the
construction, equipment, and operation of a hospital located
in or adjacent to Kerrville.

"The location of this hospital on the old St.
Charles hotel property is under consideration. It
is preferred to construct a building of several

stories and to make it large enough to accomodate
further need until probable expansion of the hospital.
For a few years, one or possibly two, stories of the
building will be available for rent.

"The trust is irrevocable, title to the property
and all authority of operation is and will be in the
trustee, all income from rents and otherwise will go to
the trust and be used in the operation of the hospital.
It is understood the hospital will not be self-support-
ing, it will be operated by the trust fund, the income
from pay patients, supplemented with income from in-
vestments by the trust. Arrangement will be made to
provide hospitalization, medical and surgical facili-
ties, insofar as the trust is capable of extending
same to patients who are unable to pay, it is contem-
plated of course as to charitable patients that the
patients of this community and section will be given
preference.

"With this statement of the conditions existing and
contemplated the following question is state: 'Will the
hospital property, when erected and operating on the basis
above mentioned, renting a minor portion of the building
for a time, but with all rents going to the hospital and
used for the purposes above mentioned, be tax exempt under
the provisions of subdivision 7, of Article 7150, Revised
Texas Statutes, and other provisions of the Constitution
and Statutes of the State."

"Referring to your letter of January 30th, 1946 in con-
nection with the proposed Peterson Charitable Hospital,
I am enclosing herewith a copy of the charter, which I
believe you will find furnishes all the desired information.

"Also, I take this opportunity to correct a statement
in my previous letter of the conditions contemplated. My
original letter of January 25, 1946 mentions that a minor
part of the hospital is to be rented. I was in error in
stating that it would at first be a minor part. I believe
a four story building is contemplated, with two upper
stories for the hospital and two lower floors to rent.
The building will, of course, be under the management of
the trustees, and when it is found necessary the additional
space will, of course, be utilized by the hospital. "

The purpose for which said corporation was incorporated
does not govern the matter of tax exemption of its property,
but it is rather the use thereof.

In the case of City of Longview v. Markham-McRee Memor-
ial Hospital, 152 S.W. 2d 1112, in the opinion of Judge German,
Commissioner, adopted by the Supreme Court, the Court said:

"Defendant corporation is admittedly a charitable
institution, and is engaged in the operation of the
hospital in question as a charitable enterprise. It
is clearly such an institution as comes within the pro-
visions of Section 2 of Article 8 of the Vernon's Ann.
St. Constitution. The application of that provision
of the Constitution is involved here. For purpose of
clear understanding, that constitutional provision has
been paraphrased by the Supreme Court, Santa Rosa In-
firmary v. City of San Antonio, 259 S.W. 926, 930, in
this language: '"' * * * But the Legislature may, by
general laws, exempt from taxation * * * all buildings
used exclusively and owned by * * * institutions of
purely public charity."' Morris v. Masons, 68 Tex. 698,
5 S.W. 519; City of Houston v. Benevolent Ass'n, 111
Tex. 191, 230 S.W. 978.

"  . . . . .

"' . . . the Constitution requires the property, as a
prerequisite to its right to exemption, to be exclusively
used by the charitable institution, it is apparent, if any
part of it is rented out and the relation of landlord and
tenant created, that very fact would necessarily destroy
the exclusive use necessary to be retained by the owner to
bring its property within the plain terms of the Constitu-
tion, and it has been therefore held, as it was in that
case, and in State v. Settegast (Tex. Com. App.) 254 S.W.
925, that the leasing of all or any part of a charitable
institution's property to those not themselves engaged in
a wholly charitable work, or the occupancy of even a part
of the property by others under what amounts to an equiva-
lent situation * * *, destroys the exempt character of the
property, and it is plain that in those cases there could
have been no other holding.

"'The constitutional requirement is two-fold;
the property must be owned by the organization
claiming the exemption; it must be exclusively used
by the organization, as distinguished from a partial
use by it and a partial use by others, whether the
others pay rent or not.'

"These quotations reflect the consistent hold-
ings of our courts. Morris v. Masons, 68 Tex. 698,
703, 5 S.W. 519; City of Houston v. Scottish Rite

Ass'n, 111 Tex. 191, 230 S.W. 978; State v. Settegast, Tex. Com. App., 254 S.W. 925; Benevolent & Protective Order of Elks Lodge v. City of Houston, Tex. Civ. App., 44 S.W. 2d 488, writ refused."

Also see the case of Markham v. City of Longview, et al, 191 S.W. 2d 695, error refused.

In view of the above authorities and the facts stated in your request it is the opinion of this department that the hospital property, when erected and operating on the basis above mentioned, will not be tax exempt.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Jos. V. Frnka
Jos. V. Frnka
Assistant

JVF:AMM:wc


APPROVED MAR 22, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman