47



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Fred V. Meridith
County Attorney, Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-7100
Re: Exemption of second story of
Masonic Lodge building from
taxation.

We are in receipt of your request for an opinion,
which we quote:

"We have a question on which we need clarification
and will appreciate your opinion. The Tax Assessor-
Collector of Kaufman County has been approached by the
Worshipful Master of Artesia Lodge, No. 406 of Free and
Accepted Masons of Kaufman County, Texas in Terrell,
Texas, concerning the exemption of the second story of a
brick building owned by the lodge in Terrell from state
and county ad valorem taxation.

"I have copy of your opinion No.O-6313 in which it
was held that the second story of a building owned by
such a lodge (where it was the second story only that was
owned) and used exclusively for lodge purposes, was not
subject to taxation.

"The description of the Artesia Lodge No. 406 in my
case is the same as the description of the lodge in the
above referred to opinion and it is incorporated by virtue
of the Articles of Incorporation of the Grand Lodge of
Texas Ancient Free and Accepted Masons, its purpose being
'for charitable and benevolent purposes, and to cement
bonds of good fellowship and brotherly love among its
members and adherents, and to practice the art of Ancient
Free and Accepted Masonry as has been done from time
immemorial.' The Artesia Lodge, and its subsidiary, the
Order of the Eastern Star, use the second floor of this
building exclusively for lodge meetings and purposes.

Hon. Fred V. Meridith, page 2


"My case differs from the case where the lodge owns
only the second story of a building; Artesia Lodge owns
the entire building, which is a two story building.
The lower floor of the building is leased and rented out
to Anderson-Clayton Bros., Morticians, for a funeral home,
for which use a rental is paid to the lodge. This rental,
as I understand it, is used by the lodge to defray vendor's
lien and mechanics and materialman's lien notes against the
building, and for operational expenses; and the balance goes
into the general lodge funds to be used for public charity
and to help needy individuals, the same as are the member-
ship and initiation fees of the members.

"The building in question is, therefore, not used
exclusively for lodge purposes. My question is:  Can the
upper floor of the building be severed from the lower floor,
in order to render the lower floor for ad valorem taxation,
and in order to exempt the upper floor from taxation?

"My opinion is that it cannot be so divided for
rendition purposes, because of the holding of the Supreme
Court in Morris v. Lone Star Chapter  6, Royal Arch Masons,
5 S. . 519, which holds that renting of a part of a building
owned by such a lodge, subjects such part, at least, to
taxation; and City of Longview v. Markham-McCree Memorial
Hospital, 152 S.W. 2d 1112, which holds that the letting
and occupancy of offices to doctors who pay a rental therefor,
is dominantly a commercial and private transaction by the
hospital, and that therefore the hospital was not exempt
from taxes under our Constitution.  I find a case also that
I am unable to differentiate clearly in my mind, towit,
Santa Rosa Infirmary v. City of San Antonio, 259 S.W. 926,
wherein it is held that the hospital is exempt from taxation,
even though the hospital operated a drug store for profit.
The distinguishing factors seem to be whether the property
is rented to a third person and therefore not being exclusively
used by the charitable institution or lodge.

"Another decision, with slightly different facts, should
be considered:  State v. Settegast, 254 S.W. 817.  In that
case the property sought to be exempted was rent house property
on different and segregated property from the hospital itself
and this property was rented to third parties; the court held
that the exemption cannot be extended to property occupied
and used by third parties under rental contracts.

"Now question is narrowed solely to the proposition of whether the upper floor of a building used exclusively for lodge purposes, can be segregated for tax purposes and held not subject to taxation, when the same lodge owns the whole building and rents out the lower floor on commercial rental contract, which lower floor is definitely subject to taxation.

"If you should hold that the upper floor of the building is exempt from taxation, then please advise how the value of the building should be divided for assessment purposes. Is there any rule to be followed - should the value be assessed arbitrarily at one-half of value of the whole building - or otherwise?"

Your opinion that the building in question cannot be segregated for taxation and exemption purposes is correct.

In the case of City of Longview v. Markham-McRee Memorial Hospital, 152 S. W. (2d) 1112, in the opinion of Judge German, Commissioner, adopted by the Supreme Court, the Court said:

"'Exemptions from taxation are never favored, and in the construction or interpretation of a law extending exemption from taxation to any citizen or class of property all doubts are resolved against the exemption. Morris v. Masons, 68 Tex. 703, 5 S. W. 519; 23 R.C.L.313. * * *

"'But, as the Constitution requires the property, as a prerequisite to its right to exemption, to be exclusively used by the charitable institution, it is apparent, if any part of it is rented out and the relation of landlord and tenant created, that very fact would necessarily destroy the exclusive use necessary to be retained by the owner to bring its property within the plain terms of the Constitution, and it has been therefore held, as it was in that case, and in State v. Settegast (Tex. Com. App.) 254 S. W 925, that the leasing of all or any part of a charitable institution's property to those not themselves engaged in a wholly charitable work, or the occupancy of even a part of the property by others under what amounts to an equivalent situation * * * destroys the exempt character of the property, and it is plain that in those cases there could have been no other holding.

Hon. Fred V. Meridith, page 4

"'The constitutional requirement is two-fold; the property must be owned by the organization claiming the exemption; it must be exclusively used by the organization, as distinguished from a partial use by it, and a partial use by others, whether the others pay rent or not.'"

In view of the foregoing confirmation of your opinion by this Department, it becomes unnecessary to answer your question as to "how the value of the building should be divided for assessment purposes."

Yours very truly

ATTORNEY GENERAL OF TEXAS

FEB 27, 1946

ATTORNEY GENERAL OF TEXAS

By _____
Jos. V. Frnka
Assistant

JVF:AMM

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN