

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 4, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1103

Re: Whether, under the facts
stated, the Comptroller
can legally pay the claim
for a refund of tax on
motor fuel.

Dear Mr. Calvert:

You have requested an opinion as to whether or not you can
legally pay a claim filed for refund of motor fuel tax paid on
gasoline used on a farm under a stated set of facts.

We quote from your letter request the following statement
of facts:

"The foreman stated that the Jeep
which bears 1960 highway license was
used to haul hay, feed and fertilizer
from the meadow to the farm, a dis-
tance of seven-tenths (7/10) of a mile
over the highway, as well as the other
travel over the highway from one en-
trance gate to another as set out in
the letter.

"The claim was rejected for fail-
ure to keep a record of the travel
over the highway and failure to de-
duct the fuel used on the highway in
such travel and a copy of Opinion
WW-199, holding that where no such
record is kept and such motor fuel
is not deducted from the claim a tax
refund is not authorized."

The claimant has submitted a brief as to the facts and law
in connection with this claim.

In his statement of facts he states that the farm is crossed
by a county road running East and West through the farm.

We quote from the brief submitted as follows:

". . .Upon a more careful examina-
tion, the jeep is located in a garage
on the north side of the road that
runs east and west. It crosses the
road to that part of the farm on the
south side of the road in front of
the residence, in doing so using the
public highway for a distance of some
twenty (20) steps or yards, and this
is the main and principal use, in the
crossing of the public road.

"A second use: the jeep proceeds
from the same garage down to the same
road and turns east one hundred and
twenty (120) steps or yards, and then
leaves the road. This is used perhaps
on an average once a week during the
year, and the first one is used on the
average of at least once daily.

"A third entrance into the farm
south of the road, about six hundred
(600) yards west of the residence and
garage. This is used only semi occa-
sionally on an average of once a week.

"A fourth entrance about 900 yards
west of the garage from the public
road is a gate that is kept locked.
This is wholly used by the jeep, possi-
bly at times during the winter months."

To merely cross the road is not "being operated" upon the
highways within the meaning of the statutes in our opinion and
it is our understanding that the Comptroller's Office has so
construed the law in the past. When a person enters the highway
with a motor vehicle at one point and then travels along the road-
way for any distance the person is operating a motor vehicle upon
the highway within the meaning of our statutes.

If it can be said that traveling along the roadway for one
hundred yards is not operating a motor vehicle on the highway then
it could be said that two hundred yards is acceptable and so on
and on. There would be no stopping point.

The Courts have uniformly held that tax exemptions are to
be strictly construed. Refunds of gasoline taxes in a manner of
speaking is a tax exemption. Quoting from 40 Tex.Jur. 109, Taxa-
tion, § 74:

> "It is a universal rule, applicable to constitutional and statutory provisions exempting property from taxation, that
>
> "'when an exemption is found to exist it shall not be enlarged by construction. On the contrary, it ought to receive a strict construction; for the reasonable presumption is that the state has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute, the favor would be extended beyond what was meant.'
>
> "Furthermore, the exemption of certain property throws a greater tax burden on property that is taxable; therefore, any exemption derogates from the common right of equality of burden, and for this reason, also, both the constitutional provision authorizing the exemption and the statute granting it must be found to cover a claimed exemption unambiguously. For if the construction of the law be doubtful, the doubt will be resolved in favor of the taxing power and against the claim." Morris v. Lone Star Chapter No. 6, R. A. Masons, 68 Tex. 698, 702, 5 S.W. 519 (1887).

Opinion No. WW-199 answers almost an identical set of facts. About the only material difference is the distance traveled on the public road. In Opinion WW-199 the distance traveled was 22 miles and in this case the longest distance traveled was 7/10 of a mile. As previously pointed out, however, the distance is not the determining factor.

It is therefore our opinion that in compliance with the former opinion above mentioned, a copy of which is enclosed herewith, under the facts stated in this request the claim for refund was properly denied.

## S U M M A R Y

Under the facts stated the operation of a jeep over the highway of this state as a matter

of convenience to get from one point on the
roadway to another does not permit a tax
refund for gas used on farm where no record
is kept of amount used in jeep while traveling
on roadway or of distance traveled on roadway.

Yours very truly,

WILL WILSON
Attorney General of Texas

J. H. Broadhurst
Assistant Attorney General

JHB:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Iola Wilcox
Gilbert Hargrave
Henry Braswell

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt