

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 10, 1964

Honorable Thos. Bartlett, Jr.
County Attorney
Falls County
Marlin, Texas

Opinion No. C- 203

RE: Whether Acts 1961, 57th Leg.,
Ch. 487, exempting personal
property of charitable
institutions from ad valorem
taxes is constitutional

Dear Mr. Bartlett:

In your letter of December 9, 1963, you have requested an
opinion from this department as to whether or not that part of
Section 7 of Article 7150, Vernon's Civil Statutes, as amended by
Acts 1961, 57th Legislature, Chapter 487, exempting certain personal
property is constitutional. This amendment reads as follows:

> "All buildings and personal property belonging
> to institutions of purely public charity, together
> with the lands belonging to and occupied by such
> institutions not leased or otherwise used with a
> view to profit, unless such rents and profits and
> all moneys and credits are appropriated by such
> institutions solely to sustain such institutions
> and for the benefit of the sick and disabled mem-
> bers and their families and the burial of the same,
> or for the maintenance of persons when unable to
> provide for themselves, whether such persons are
> members of such institutions or not. An institu-
> tion of purely public charity under this article
> is one which dispenses its aid to its members
> and others in sickness or distress, or at death,
> without regard to proverty or riches of the
> recipient, also when the funds, property and
> assets of such institutions are placed and bound
> by its law to relieve, aid and administer in any
> way to the relief of its members when in want,
> sickness and distress, and provide homes for its
> helpless and dependent members and to educate and
> maintain the orphans of its deceased members or
> other persons."

Article 8, Section 2 of the Texas Constitution provides in part as follows:

> ". . . the Legislature may, by general laws
> exempt from taxation . . . all buildings used
> exclusively and owned by persons or associations
> of persons for school purposes and the necessary
> furniture of all schools and property used ex-
> clusively and reasonably necessary in conducting
> any association engaged in promoting the religious,
> educational and physical development of boys,
> girls, young men or young women operating under
> a State or National organization of like
> character; also the endowment funds of such
> institutions of learning and religion not used
> with a view to profit; and when the same are
> invested in bonds or mortgages, or in land or
> other property which has been and shall here-
> after be bought in by such institutions under
> foreclosure sales made to satisfy or protect such
> bonds or mortgages, that such exemption of such
> land and property shall continue only for two
> years after the purchase of the same at such sale
> by such institutions and no longer, and institu-
> tions of purely public charity; . . ."

This Section 2, as adopted in 1876, reads in part as follows:

> ". . . the Legislature may, by general laws,
> exempt from taxation . . . all buildings used
> exclusively and owned by persons or associations
> of persons for school purposes, (and the
> necessary furniture of all schools), and institu-
> tions of purely public charity; . . ."

An amendment adopted November 6, 1906, making the pertinent part of Section 2 read as follows:

> ". . . the Legislature may, by general laws,
> exempt from taxation . . . all buildings used
> exclusively and owned by persons or associations
> of persons for school purposes and the necessary
> furniture of all schools, also the endowment
> funds of such institutions of learning and re-
> ligion not used with a view to profit; and when
> the same are invested in bonds or mortgages, or
> in land or other property which has been and
> shall hereafter be bought in by such institutions
> under foreclosure sales made to satisfy or protect

such bonds or mortgages; that such exemption
of such land and property shall continue
only for two years after the purchase of the
same at such sale by such institutions and
no longer, and institutions of purely public
charity; . . ."

The amendment adopted November 6, 1928, added the provision
concerning property owned by a church or strictly religious society
for use as a dwelling place for the ministry, and the provision
beginning with the words "and property used exclusively and reason-
ably necessary," to and including the words, "operating under a
State or National organization of like character." (Emphasis added).

The courts in Texas have uniformly held that the Legislature
may exempt real property belonging to and used exclusively by
institutions of purely public charity.

In the case of Morris v. Lone Star Chapter No. 6, Royal Arch
Masons, 68 Tex. 698, 5 S.W. 518 (1887) the Supreme Court of Texas,
in talking about institutions of purely public charity, as used in
Section 2 of Article 8 of the Texas Constitution said:

"The grammatical construction of this
provision is not clear. The word 'institution'
properly means an association organized or
established for some specific purpose, . . ."

The court said that that part of the section under con-
sideration which contains the word institution may have been in-
tended to read either:

" '... all buildings used exclusively and
owned by persons or associations of persons
for school purposes, . . . and all institu-
tions (meaning establishments with houses,
grounds, etc.) of purely public charity,' or
'all buildings used exclusively and owned by
persons or associations of persons for school
purposes, . . . and all buildings used ex-
clusively and owned by institutions of purely
public charity.'"

The Texas Supreme Court said, ". . . we are of the opinion
that the latter reading gives the more reasonable construction of
the language as used in the constitution of our State. This gives
to the word its proper meaning, and is in accord with the spirit
of the other provisions contained in the section."

At the time this opinion was written by the Supreme Court the pertinent part of Section 2 of Article 8 of the Texas Constitution read as follows:

> ". . . the Legislature may, by general laws, exempt from taxation; all buildings used exclusively and owned by persons or associations of persons for school purposes, (and the necessary furniture of all schools), and institutions of purely public charity; . . ."

In the case of Barbee vs. City of Dallas, 64 S.W. 1018 (Civ. App. 1901, error ref.) the court stated:

> "This appeal involves the construction of Article 8 § 2, of the state constitution, exempting from taxation 'all institutions of purely public charity.' This clause has been considered by the supreme court, and in an able and exhaustive opinion the clause was construed by that court as authorizing the exemption only of real estate, with the buildings thereon owned and used exclusively by institutions of purely public charity. Morris v. Royal Arch Masons, 68 Tex. 698, 5 S.W. 519. In other words, the effect of the holding is that this clause of the constitution authorizes the legislature to exempt only real estate owned and used exclusively by institutions of purely public charity. The property sought to be exempted in the case at bar consists of publications principally of books, tracts, and periodicals published by the Methodist Publishing House at Nashville, Tenn., of which Plaintiff is a branch. The petition does show, however, that Plaintiff 'does carry other of such articles making up the stock in trade of a regular book store.' The property described in the petition consists of personal property only. None of it can be designated as real estate or building. This being true, under the decision above referred to we conclude that it is not included in the exemptions provided for in Article 8, § 2, Const. . . . As the property set out in the petition is not embraced in the clause of the constitution authorizing the exemption of 'all institutions of purely public charity,' it is unnecessary to decide whether the language of the statute (Sayles' Ann. Civ.

St. art. 5065, subd. 6) is broad enough to
exempt it, or whether the language of the
ordinance of the city exempting property
from taxation would include it. It is con-
ceded that, if the constitution does not
authorize the exemption of this property, it
could not be exempted by the statute or
ordinance. . . ."

These cases were decided under the constitution as it was
originally written in 1876. The pertinent part of Section 2, as
it now reads, is as follows:

". . . the Legislature may, by general laws,
exempt from taxation . . . property used ex-
clusively and reasonably necessary in con-
ducting any association engaged in promoting
the religious, educational and physical develop-
ment of boys, girls, young men or young women
operating under a State or National organization
of like character; . . . and institutions of
purely public charity; . . ."

The cases above discussed were decided in 1877 and 1901, and
before Section 2 of Article 8 of the Constitution was amended. We
believe that the meaning of section 2 above is entirely different
now from that as originally written and in effect at the time the
above court opinions were written. These cases are therefore not
in point as to the present reading of this section of the
constitution.

By the amendments of Section 2 of Article 8 of the Constitu-
tion it appears that the people of Texas intended to authorize the
Legislature to exempt from taxation, property used exclusively and
reasonably necessary in conducting any association engaged in
promoting the religious, education and physical development of
boys, girls, young men or young women operating under a State or
National organization of like character; and property used exclusively
and reasonably necessary in conducting institutions of purely public
charity. The word "property" not being in any manner qualified, in-
cludes personal as well as real property.

The Legislature, in putting into effect the permission
granted by Section 2 of Article 8 of the Constitution to exempt
property used exclusively and reasonably necessary in conducting
institutions of purely public charity went beyond the authority
granted, in that the Legislature did not limit the exemption to
property used exclusively and reasonably necessary in conducting
such institutions. The statute to that extent is void. City of

San Antonio v. Santa Rosa Infirmary, 249 S.W. 498 (Tex.Civ.App. 1923, reversed on other grounds 259 S.W. 926).

We are, therefore, of the opinion that Acts 1961, 57th Legislature, Chapter 487 which amended Article 7150, Vernon's Civil Statutes, is constitutional insofar as it exempts from taxation, both real and personal, property that is used exclusively and is reasonably necessary in conducting institutions of purely public charity.

## S U M M A R Y

Acts 1961, 57th Legislature, Chapter 487, which amended Article 7150, Vernon's Civil Statutes is constitutional, insofar as it exempts from taxation, both real and personal property, that is used exclusively and is reasonably necessary in conducting institutions of purely public charity.

Very truly yours,

WAGGONER CARR
Attorney General

BY: J. H. Broadhurst
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Cecil Rotsch
Arthur Sandlin
Marietta Payne
Jack Norwood

Approved for the Attorney General
by: Stanton Stone