**METHODIST RIVER OAKS APART-
MENTS, INC., Appellant,**

v.

**The CITY OF WACO et al., Appellees.**

No. 4542.

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1966.

Rehearing Denied Dec. 15, 1966.

Beard, Kultgen & Beard, Waco, for appellant.

V. H. McClintock, Thomas R. Hunter, City Atty., Earl Bracken, Jr., John Houston, Don J. Rorschach, Asst. City Attys., Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment denying Methodist River Oaks Apartments, Inc. exemption from the payment of ad valorem taxes upon its property.

Methodist brought suit for a declaratory judgment that its apartments located in the

City of Waco and LaVega School District be exempted from ad valorem taxes, on the ground that the Constitution and laws of Texas exempt from ad valorem taxes, properties of purely public charities, which are devoted to charitable purposes. Trial was before the court without a jury which, after hearing, entered judgment denying Methodist tax exemption as a charitable organization.

Methodist appeals on four points, contending the trial court erred in holding that its apartment complex was subject to ad valorem taxes.

Methodist is a non-profit corporation organized under the laws of Texas "to provide dwelling accommodations for families displaced from urban renewal areas," "and to assist further the provision of housing for moderate and low income families." It was formed by 4 negro Methodist churches. The members of the corporation are chosen by the churches which organized it; and no officer or member of the corporation has ever profited from its operation. The apartment complex contains 152 units; is a first-class facility; and is integrated. The units rent for $72.50 and $76.50 per month; one apartment has been furnished a tenant at a reduced rental, but no apartment has been provided rent free. The apartments are 79% occupied; are advertised in both Waco telephone book and in newspapers; are centrally air conditioned and heated; have 30 inch range; venetian blinds; prompt maintenance; central TV antenna; and 11.8 cubic foot refrigerators.

Other housing is available in Waco. In 1960 there were 2,036 vacant housing units in Waco. Maxey Apartments are operated by Public Housing Authority and rented for $23 to $71 per month and have 90% occupancy. Private Housing is available in the area of Methodist at $50 per month.

Article 8, Section 2 of the Texas Constitution, Vernon's Ann.St., provides: "* * * the legislature may, by general laws, exempt from taxation property used for public purposes * * *."

And Article 7150 Vernon's Ann.Tex.Civ. St. provides:

"The following property shall be exempt from taxation: * * * 7.. Public charities.—All buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, * * *."

■ Exemptions from taxation are never favored, and in construing laws exempting any organization, all doubts are resolved against the exemption. Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 68 Tex. 698, 5 S.W. 519; Santa Rosa Infirmary v. City of San Antonio, Tex.Com. App., 259 S.W. 926.

■ Whether an organization is a "purely charitable institution" so as to entitle its property to tax exemption is a question of fact; and the burden is on the organization claiming exemption from taxation to clearly prove it. Benevolent & Protective Order of Elks, etc. v. City of Houston, Tex.Civ. App., Er. Ref., 44 S.W.2d 488; Malone-Hogan Hosp., etc. v. City of Big Spring, Tex.Civ.App., (nre), 288 S.W.2d 550.

■ An organization is not an "institution of purely public charity" within the constitutional and statutory tax exemption, unless the organization: 1) makes no gain or profit; 2) accomplishes ends wholly benevolent; 3) benefits persons, indefinite in numbers and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the State. City of Houston v. Scottish Rite, 111 Tex. 191, 230 S.W. 978; River Oaks Garden Club v. City of Houston, Sup. Ct., 370 S.W.2d 851.

In River Oaks, supra, the court says:

" 'One ground upon which exemptions from taxation of charitable institutions * * * can be justified * * * is that they minister to human and social needs which the state itself might and does to a greater or less extent under-

take to satisfy. The ultimate obligation of the state thus is discharged by the private charity. To that extent the state is relieved of its burden. * * * ' "

Applying the rules of law to the factual situation here involved, we think the trial court correctly denied Methodist tax exemption as a purely public charity.

Methodist does not alleviate suffering caused by inadequate housing, and it provides no service which the State would be obligated to assume. The record reflects many other sources of adequate housing at rates below those charged by Methodist. And if a family does not live in centrally air conditioned and heated housing, renting for $72.50 to $76.50 per month with 30 inch range, venetian blinds, prompt maintenance, centrally located TV antenna, and an 11.8 foot refrigerator, such family will not necessarily, under the record here, become an obligation of the community or State.

All appellant's points and contentions are overruled. The judgment is correct. Affirmed.