

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 20, 1972

Honorable Spencer Brown
Kerr County Attorney
Schreiner Bank Building
Kerrville, Texas 78028

Opinion No. M- 1241

Re: Whether exemption from ad valorem taxes may be accorded property carried on the tax rolls as owned by The Church in the Hills, Inc., a defunct, non-profit corporation.

Dear Mr. Brown:

You have requested an opinion of this Office on the above captioned question, and in so doing, have supplied us with the following pertinent facts.

The Church in the Hills, Inc. was chartered October 15, 1945. The purpose for which the corporation was organized was the "support of any benevolent, charitable, educational or religious undertaking as authorized by Subdivision 2 of Article 1302 of the Revised Civil Statutes of Texas of 1925 ...". The charter further stated that "no part of the earnings or assets of this corporation shall ever be /used/ to carry on any activities other than those stated in Subdivision 2 of Article 1302." On September 1, 1956, the charter of said corporation was forfeited because it had failed to file the report required by Article 9.01 of the Texas Non-Profit Corporation Act.

The following excerpt is from a letter by the Honorable John P. Hill submitted in support of the claim for exemption.

> "This tract /containing approximately 82 acres/ was given to the Church In The Hills by E. J. Nickles about 1946 or 1948. My father, Dr. P. B. Hill, who was former Captain & Chaplain of the Texas Rangers, Missionary to Korea and Pastor of the First Presbyterian Church of San Antonio for 20 years. During that 20 years he broadcast his Sunday morning Service

over W.O.A.I. in San Antonio. When he retired and moved to Hunt, Texas, he continued his broadcasts over W.O.A.I. under the name of The Church In The Hills. At his death, the broadcasts continued from his recordings for two more years.

"I was made Treasurer and later, President of the organization and secured donations to it.

"In some cases, where someone would make a substantial donation, I would allow them to hunt deer and turkey on the 82 acre tract.

"I leased the 16 ac. adjoining the 82 acres in question from the Hill Country Cowboy Camp Meeting Association, which my father also organized some 33 years ago and which 16 acres Dad helped pick out, and purchased. The Camp Meeting is still going on starting the first Sunday in August through the second Sunday in August and during those eight days the ranchmen's and visitors kids run all over the 82 acres having fun and recreation.

"There are no salaries or expenses of any kind taken from the revenue or donations to the Church In The Hills. The proceeds go to worthy students who are unable to pay the high college tuition of first class schools, Missionaries in various countries, struggling churches and the like.

"In March or April, 1965, ... the charter was allowed to lapse or expire and The Church In The Hills continued to operate as an Association of the surviving members of the P. B. Hill family and several well qualified advisers (at no salary or expenses to anyone). All proceeds going to the Scholarships, Missionaries, Seminaries.

"It is my belief that the property in question should come under Art. 7150, Section 1, Schools & Churches as well as Section 2, Christian Associations, and 2a, Religious, Educational and physical development associations."

We quote the following excerpt from a letter written to you by the Tax Assessor-Collector of Kerr County, Texas:

"The pertinent facts that were presented to this office concerning the ... /property/ are as follows:

(1) Commisioners Court Order #11413 directed that a request for tax exemption be filed on each property requesting ad valorem tax exemptions.

(2) Request filed on property in question by John P. Hill, President of The Church of The Hills Inc.

(3) Exemption denied by Kerr County Tax Office. Exemption denied because:

  (a) Charter lapsed and original not presented to substantiate ownership or purpose of creation.

  (b) Land being leased for deer hunting.

  (c) Revenue received distributed to church groups according to owner, but no evidence presented.

  (d) Owner's reply to Application Question #12 was 'Investment'.

(4) Applicant appealed to Commissioners Court under authority granted by Attorney General's Opinion #969 M-328.

(5) Exemption denied by Commissioners Court.

(6) Owner claims that authority to grant tax exemption lies in the power granted in the Texas Constitution, Article VIII, Section 2, Article 7150 (1, 2, & 2A VACS)."

The Tax Assessor-Collector has also advised us that the tax records show The Church In The Hills, Inc. as owner of the property in question. The reference to "owner" in the above quoted excerpt therefore refers to "John P. Hill, president of The Church In The Hills, Inc.", a position which he obviously cannot hold in what is now a defunct corporation.

We agree with the conclusion of the Tax Assessor-Collector and the Commissioners' Court that exemption should be denied in this case.

Article VIII, Section 2 of the Texas Constitution[1] provides the constitutional authorization for legislative exemption from taxation. The pertinent portion of that Article reads as follows:

> "Sec. 2. ...the legislature may, by general laws, exempt from taxation ... actual places or [of] religious worship ... ."

Pursuant to the above Constitutional authorization, the 60th Legislature[2] amended Section 1 of Article 7150 by adding the following thereto:

* * * * * * * *

> "1(a) The term 'actual places of religious worship' shall include property owned by a church or by a strictly religious institution or organization, including the personal property therein and the grounds attached to such buildings necessary for the proper use and enjoyment of same, used exclusively to support and serve the spread

---

[1] Other Constitutional authorizations contained in this Article, such as that provided for the exemption of "property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, ..." are clearly inapplicable to the facts of the case under consideration, as are Sections 2 and 2a of Article 7150, enacted in pursuance thereto and equally relied upon by the taxpayer in the instant case.

[2] Acts 1967, ch. 336, p. 802, §1.

> of a religious faith, and to effect accompanying /sic/ religious, charitable, benevolent and educational purposes by the dissemination of information on a religious faith through radio, television and similar media of communication. Such church, religious institution or organization shall be, or shall be sponsored by, a faith group, denomination or association of churches, which ordains ministers or elects Christian Science Readers and establishes houses of worship completely dedicated to the propagation of the religious faith of such faith groups, denominations or association of churches."

This section is valid insofar as it is within the Constitutional authorizations and limitations of Article VIII, Section 2.[3]

It is evident that the property described in your request is not within the plain terms of the statute in that the property is not owned by a church or a strictly religious institution or organization. Furthermore, the exemption accorded real property belonging to such institutions includes "... personal property therein and the grounds attached to such buildings necessary for the proper use and enjoyment of same ...". (Emphasis ours.) Stated differently, the authorized exemption for "actual places of religious worship" extends only to the real property owned by a church or religious institution, and, further, requires that a "building" or "house of worship" of some kind be erected thereon.

We think that this conclusion is necessitated by a long line of decisions either approved or written by our Supreme Court. It was held in Trinity Methodist Episcopal Church v. City of San Antonio, 201 S.W. 669 (Tex.Civ.App. 1918, error ref.), that a church parsonage was not exempt under either the constitutional authorization or the then statutory exemption[4] for "... houses

---

[3] City of Wichita Falls v. Cooper, 170 S.W.2d 777 (Tex.Civ. App. 1943, error ref.); Dickison v. Woodmen of the World Life Insurance Soc., 280 S.W.2d 315 (Tex.Civ.App. 1955, error ref.); 54 Tex.Jur.2d 200, 201, §64, and authorities cited therein.

[4] Article 7507, 4 Vernon's Sayles' Texas Civil Statutes (1914).

used exclusively for public worship, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and not leased or otherwise used with a view to profit." We quote the following excerpt from pages 669, 670:

> "The Constitution provides that all 'taxation shall be equal and uniform,' and that 'all property in this state, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.' Const. art. 8, §1. To this provision general exceptions are made, under which the Legislature may exempt certain property specifically described. Section 2. In considering exemptions it is the rule that the law must be strictly construed and not enlarged, but confined to the very terms of the provision as to the exemption. Cooley, Taxation, p. 357. Following this rule the burden devolves upon any one seeking an exemption to bring himself clearly within the terms of the statute or constitutional provision, and further, should any reasonable doubt as to the property being exempt arise, the doubt must be resolved in favor of the government levying the tax. Morris v. Masons, 68 Tex. 698, 5 S.W. 519.
>
> * * * * *
>
> "... The Constitution undoubtedly intended in granting permission to the Legislature to exempt houses used exclusively for religious worship from taxation to grant permission to exempt the land on which the house is built and other ground on which to enter and leave the church and ground immediately surrounding the house which would be 'grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same.' What would be necessary grounds would be a question of fact, but this would not render the statute unconstitutional. The Constitution will not be so construed as to defeat its own purposes, which would be the case if only the ground actually covered by the house used for

> religious worship was exempt. The construction must be reasonable and not such as to defeat the very end desired."[5]

Although Section 2 of Article VIII was subsequently amended in 1928 so as to authorize legislative exemption of "any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society ...",[6] the above quoted interpretation of the authorization for exemption of "actual places of religious worship" remains unchanged.[7]

<u>SUMMARY</u>

Property carried on the ad valorem tax rolls as owned by The Church in the Hills, Inc., a defunct, non-profit corporation, and having no actual place of religious worship thereon, is not exempt from taxation under Article 7150(1)(a), V.A.T.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

---

5 Later cases enunciating the general principles stated in the first quoted paragraph may be found in 54 Tex.Jur.2d 200-206, Taxation, §§64-65.

6 Implemented by the enactment of Article 7150b, V.A.T.S. The 1928 amendment has been construed by the Supreme Court as empowering the Legislature to determine "... who, and what activities shall constitute the ministry of a church", rather than limiting the exemption to a dwelling place for its ministry owned and used by an individual church. <u>McCreless v. City of San Antonio</u>, 454 S.W.2d 393 (Tex.Sup. 1970).

7 54 Tex.Jur.2d 214-216, Taxation, §69.

Prepared by Marietta McGregor Payne
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James H. Broadhurst
Bill Campbell
Gerald Ivey
Bob Davis

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant