**HEDGECROFT v. CITY OF HOUSTON.**

No. 12287.

Court of Civil Appeals of Texas. Galveston.

April 26, 1951.

Rehearing Denied May 31, 1951.

Butler, Binion, Rice & Cook and Malcolm R. Wilkey, all of Houston, for appellant.

Will Sears, City Atty., Charles M. Rawson, Asst. City Atty., and Burton W. Morris, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant Hedgecroft for a declaratory judgment, declaring the premises owned and used by it as a charitable hospital and clinic in the City of Houston to be exempt from ad valorem taxes of the City of Houston and the Houston Independent School District Taxes for the year 1949, under the constitution and statutes of the State of Texas.

The City of Houston demurred and excepted to appellant's cause of action for the alleged reason that its trial pleadings stated no cause for a declaratory judgment exempting appellant from taxes for the year 1949 for the reason that the facts alleged therein failed to show a direct and exclusive use of said property by appellant for the purposes of purely public charity for that year. The trial court sustained Defendant's exception and, appellant declining to amend, the cause was dismissed by the trial court.

The material facts in the case are undisputed. The property sought to be exempted from taxation was acquired by appellant by gift on December 30, 1948, and on January 1, 1949, plans had been prepared and contractors engaged for remodelling and repairing the buildings on the property for its use as a hospital and clinic in accordance with appellant's purposes. Workmen had been engaged and were removing furniture of former occupants in preparation for its occupation by appellant. Signs showing the ownership of the property and its use had been installed on the property.

Appellant was incorporated under the laws of the State of Texas for the operation of a hospital, clinic and training school for the treatment of Poliomelitis and similar diseases. It is operated for charitable purposes and the property in question is owned and exclusively used by it for that purpose.

The constitutional and statutory sections involved in the appeal are Article VIII, Sec. 2, of the Texas Constitution, Vernon's Ann. St., and Article 7150, Sec. 7, of the Civil Statutes.

Said Article VIII, Sec. 2, reads: " * * * but the Legislature may, by general laws, exempt from taxation * * * all buildings used exclusively and owned by * * * institutions of purely public charity * * *."

Article 7150, Sec. 7, of the Revised Statutes reads: "All [public] buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with the view to profit, * * *."

Appellant relies on one point of assigned error for relief. It contends that the uses being made by Hedgecroft of the property in question constituted its occupation and use for purposes of public charity within the meaning of said Article 7150, Sec. 7, of the Revised Statutes.

■■ It is well settled that the status of property for taxation is fixed by law on January 1 of each year and that municipalities are strictly limited in the exercising of their taxing power to the powers expressly granted them by the constitution or by statute, either expressly or by necessary implication. Texas City v. J. L. Martin Inv. Co., Tex.Civ.App., 222 S.W.2d 139.

In the case of State v. Settegast, by this Court, reported at 227 S.W. 253 and by the Commission of Appeals at 254 S.W. 925, in which it was sought to exempt property of the Hermann Hospital Estate as an institution of purely public charity, it was held by the Commission of Appeals that, notwithstanding the fact that an organization was a purely charitable institution, there were other tests and qualifications to be applied to property owned and used by a charitable organization to determine whether it was subject to tax exemption. It was held in that case that to be exempt from taxes the property must be used exclusively by the institution for charitable purposes.

The term "exclusive use" is defined in the case of Morris v. Lone Star Chapter, Masons, 68 Tex. 698, 5 S.W. 519, to mean the actual and direct use for the purposes of the association.

In the case of Benevolent & Protective Order of Elks, No. 151 v. City of Houston, Tex.Civ.App., 44 S.W.2d 488, 494, writ of error refused, the Court, in discussing the claim of the Benevolent Order of Elks for exemption from taxation, held that: "The use required by the Constitution of the institution must be actual, direct and exclusive."

In the early case of Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 68 Tex. 698, 5 S.W. 519, it was held by the Supreme Court that our laws on the subject of tax exemption were substantially adopted from the Ohio laws, and that the construction given there to their laws should be applied here to ours.

In the case of Jones v. Conn, 116 Ohio St. 1, 155 N.E. 791, 792, the material facts are similar to those in the case at bar in that a charitable institution was provided for in a will and property to be used for that purpose was turned over to the trustees of the charitable institution in February, 1922. Between that date and January 1, 1924, the trustees of the institution selected a superintendent for the home and proceeded with the erection of certain buildings. On January 1, 1924, one building was available for the charitable purposes of the institution. Action was sought to enjoin the collection of taxes for the years 1922 and 1923 on the personal and real property held by the institution on the grounds that the property was exempt from taxation under the laws of Ohio, which provided that "property belonging to institutions of public charity only" Gen.Code, § 5353, as amended by 103 Ohio Laws, 548, should be exempt from taxation, and under the constitution of the State of Ohio which provided that: " * * * institutions used exclusively for charitable purposes, * * * may, by general laws, be exempted from taxation. * * *" Const. Art. 12, § 2, as amended in 1918. Quoting with approval from the opinion in the case of Benjamin Rose Institute v. Myers, 92 Ohio St. 252, 110 N.E. 924, L.R.A.1916D, 1170, the Supreme Court of Ohio held that it was the use of the property and not the ownership which decides the question, and that the exemption must depend upon its actual and exclusive devotion to the work of the institution, that while the erection of buildings through which the trust was to be dispensed was a necessary and incidental part of carrying out the charity, the weight of authority held that property only can be exempt from taxation which is used actually in the dispensing of the charity, and that there had been no actual dispensation of the charity during the years in question. In that case the Court held, in effect, that the law is against the exemption of property until the ownership and use coincide.

The cases of Wehrle Foundation v. Evatt, 141 Ohio St. 467, 49 N.E.2d 52, Benjamin Rose Institute v. Myers, 92 Ohio St. 252, 110 N.E. 924, L.R.A.1916D, 1170, and Incorporated Trustees of Gospel Workers Soc. v. Evatt, 140 Ohio St. 185, 42 N.E.2d 900, all by the Supreme Court of Ohio, are in accord with the rule announced in the above-quoted cases.

It is well settled law in this State that exemptions from taxation are never favored, that they are strictly construed and that when the construction of law is doubtful, the doubt will be resolved in favor of the State and against the exemption. Morris v. Lone Star Chapter No. 6, Royal Arch Masons, 68 Tex. 698, 5 S.W. 519, and Markham Hospital v. City of Longview, Tex.Civ.App., 191 S.W.2d 695.

The tax exemptions of the type sought in this appeal cannot, we think, be given unless all of the constitutional and legislative requirements are met. It follows that the judgment of the trial court must be in all things affirmed.