

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Overruled by Dickison v
City of San Antonio, reportec
in 349 S. W. 2d 640, error
Ref N. R.

**WILL WILSON**
**ATTORNEY GENERAL**

March 5, 1958

Hon. Sam L. Jones, Jr.  
District Attorney  
Nueces County  
Corpus Christi, Texas

OPINION NO. WW-385

Re: Is a School District, Junior College or other taxing agency required to remove from the rolls of the District taxes lawfully assessed where the property is acquired by the city or other political subdivision after the first of the year.

Dear Mr. Jones:

You request the opinion of this office upon the question of the collection and enforcement of the payment of ad valorem taxes owing to certain taxing agencies in Nueces County, Texas, upon certain land acquired by the City of Corpus Christi for airport construction. We confine this opinion to the 1957 taxes.

We assume that the following facts are undisputed.

(1) That the City of Corpus Christi acquired the land by purchase or condemnation from the private owners thereof.

(2) That the taxes were lawfully assessed against such private owners for the year, 1957.

(3) That from July 1, 1957, the date of acquisition, such property was held by the City of Corpus Christi for a public purpose.

(4) That the respective taxing districts assess and collect their taxes in conformity with the time and manner applicable to state and county taxes.

It is the settled law of this State that the taxable status of property is fixed as of January 1st of the taxable year. The following cases so hold: Hedgecroft vs. City of Houston, 239 S.W. 2d 828, (Tex. Civ. App. 1951, Reversed on other grounds by the Supreme Court) 150 Tex. 654; 243 S.W. 2d 633. Blewett v. Richardson Independent School District 245 S.W. 529, (Tex. Comm. of App. 1922), Humble Oil and

Refining Company vs. State, 3 S.W. 2d 559 (Tex. Civ. App. 1928, error refused), Winters vs. Independent School District of Evant, 208 S.W. 574 (Tex. Civ. App. 1919 Error dismissed), State of Texas vs. Moody Estate, 156 Fed. 2d 698 (5th Circuit 1946).

This brings us to the crucial question involved in your request. In this connection, we hold that none of the taxes for 1957, under the facts before us, is owing by the City of Corpus Christi. Moreover, there is no legal method to enforce the collection of said taxes against the City of Corpus Christi. We are compelled to reach this conclusion by the holding of the Supreme Court in the case of State vs. City of San Antonio, et al, 147 Tex. 1, 209 S.W. 2d 756 from which we quote as follows:

> "Although the state and county did have a lien against the lot for taxes due them while the lot was privately owned by Barnes and others, the lien became unenforceable after the city and school district acquired title to it by the tax sale in 1938 and while they continue to hold it for public purposes; and the lot, while so held, was not subject to seizure and sale to satisfy a judgment for taxes levied by the state and county during the time it was so privately owned; and any proceeding attempting to accomplish that is void. State v. Stovall, Tex. Civ. App., 76 S.W. 2d 206, error refused; Childress County v. State et al, 127 Tex. 343, 92 S.W. 2d 1011; City of Marlin v. State, Tex. Civ. App., 205 S.W. 2d 809."

However, we do not construe this case, nor any other that has come under our observation, as precluding the personal liability for taxes assessed against a private owner as of January 1st of the taxable year; notwithstanding, the property is acquired by a city or some other public agency for a public purpose subsequent to January 1st of the taxable year.

Nor do we construe Article 7151, Vernon's Civil Statutes as purporting to relieve a private owner from personal liability for taxes assessed against him as of January 1st up to the time the property may pass into the

hands of a public agency by purchase or condemnation for a
public purpose. We believe to so construe this statute
would render it unconstitutional as according an exemption
from taxation in violation of Section 2 of Article VIII of
the Constitution and Section 55 of Article III forbiding
a release or forgiveness of taxes and obligation due the
State. This statute merely provides for taxation against
a private owner for the remaining portion of a taxable
year where the property acquired was prior thereto exempt
from taxation. Indeed, the statute expressly so provides.
There is nothing in the language of the statute to indicate
that it was the intention of the legislature to exempt a
private owner from personal liability from the taxes law-
fully assessed against him and his property as of January
1st, of any taxable year, by reason of the fact that he
may sell it at a date subsequent to January 1st to a public
body for a public purpose.

We believe that the Supreme Court has inferentially
adopted this view in the case of State vs. Moak et al, 146
Tex. 322, 207 S.W. 2d 894. In this case the court said:

> ". . .The Court of Civil Appeals 207 S.W.
> 2d 893 reformed the judgment to allow the
> State recovery of 8/12 of the 1945 taxes,
> being for that portion of the year after
> Reeve had bought the property, and, as so
> reformed, affirmed the judgment. See Art.
> 7151, R.S., Vernon's Ann. Civ. St. art. 7151."

Had the court not recognized the validity of this
statute in its entirety, we do not think that it would have
relied upon it in affirming the judgment of the Court of
Civil Appeals which allowed a recovery against a private
owner who purchased tax exempt property subsequent to
January 1st of the taxable year.

The private owner of property, who sells to a
public agency, such as a city, subsequent to January 1st
of the taxable year and prior to the end of the taxable
year, is charged with knowledge that the law imposes a
personal liability against him for the taxes which accrued
as of January 1st of the taxable year. He has the means of
protecting himself by taking this liability into account
in his contract of sale and purchase with such public agency.
If he should fail to do so, we know of no law that would re-
lieve him of this pre-existing liability. The rule would
not be different if the property was acquired from him by
condemnation. State of Texas vs. Moody Estate, 156 Fed. 2d
698 (5th Circuit 1946).

It follows from the foregoing that the assessments made by the taxing districts for the year 1957 should not be cancelled upon the assessment rolls; this for the reason that such assessments constitute the basis of the personal liability against such taxpayers until the taxes are paid.

## S U M M A R Y

A city acquiring property from private owners by purchase or condemnation after January 1st of the taxable year for a public purpose is not liabile for ad valorem taxes due other public agencies, such as Independent School Districts, for the year in which purchased. The owner, of the property so sold, is per- sonally liable for the taxes for the entire taxable year and not merely up to the date of acquisition.  Article 7151 V.C.S. should not be construed as fixing liability against the owner for only the portion of the year prior to the date of acquisition.  If the city acquires the property for a public pur- pose, the owner of the property so purchased, if he so desires, may protect himself in the contract of sale between the city and the seller or in the condemnation proceedings.

Yours very truly

WILL WILSON
Attorney General of Texas

By *L. P. Lollar*

L. P. LOLLAR
Assistant Attorney General

LPL/fb

APPROVED;
OPINION COMMITTEE

George P. Blackburn, Chairman
J. C. Davis, Jr.
C. K. Richards
Wayland Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert