

# THE ATTORNEY GENERAL
## OF TEXAS

*clarifies WW 322*

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 16, 1959

Honorable Robert S. Calvert          Opinion No. WW-762
Comptroller of Public Accounts
Capitol Station                      Re: Whether exempt sponsor
Austin 11, Texas                         of entertainment is
                                         subject to Admission
                                         Tax Liability under Art.
                                         7047a-19, V.C.S., under
                                         a dual consideration
Dear Mr. Calvert:                        contract.

We quote from your opinion request as follows:

"Opinion WW-15 issued in answer to my question
regarding sponsorship, or the production of,
means of entertainment where the contract calls
for the payment for the services of the enter-
tainers

"1. By Outright Purchase, and the funds
    applied to exempt causes.

"2. Where the services of the entertainers
    was paid for based on a percentage of
    the proceeds derived from the sale of
    tickets, with the proceeds being applied
    to exempt causes - bearing in mind that
    the agency entering into contract, was
    due exempt consideration under the con-
    dition that no part of the proceeds could
    be used for other than exempt causes.

"There now exists the question involving such
exempt producers or sponsors where the contract
is of dual consideration in that

"Provision 1 - Calls for the obligation of
               the producer to pay a speci-
               fied amount if the proceeds
               from the sale of tickets
               reaches a specified total -

"Provision 2 - Calls for the obligation to
               be based on a specified per-

centage, if the gross amount
set out under Provision 1 is
not reached, with the use of
the funds limited to exempt
causes, and a settlement is
made using Provision 1 as the
basis.

"Please let me have your opinion as to whether
such a contract provides for exemption from the
admission tax."

Article 7047a-19, V.A.C.S., contains the following
exemption provision:

". . .no tax shall be levied under this Act on any
admission collected for dances, moving pictures,
operas, plays and musical entertainment, all the
proceeds of which inure exclusively to the benefit
of State, religious, educational, or charitable
institutions, societies, or organizations, if no
part of the net earnings thereof inures to the
benefit of any private stockholder or individual
. . ." (Emphasis added.)

In order to answer your question, it is necessary that the
term "all the proceeds" be defined. The U. S. Code Con-
gressional and Administrative News, Federal Tax Regulations
(1956), Section 101.15, Page 1473 et seq., construes the
corresponding portion of the Federal Admission Tax exemption
provision as follows:

"The term 'all the proceeds' means all the net
proceeds of the regular admission charges or
excess charges, as the case may be after payment
of actual and reasonable expenses incurred in
presenting the event. Whether certain expenses
are reasonable is to be determined on the basis
of all the facts in the matter. If the expenses
are in excess of what is reasonable and necessary
under the circumstances, all the proceeds would
not be deemed to inure exclusively to the benefit
of the exempt organization. In any case where the
amount to be received by a non-exempt person or
organization for talent, services, or otherwise,
is based on a percentage of the net or gross pro-
ceeds, the organization shall, before exemption
may be allowed, establish that the maximum amount
to be received on the percentage basis is a

reasonable sum and not more than would ordinarily be received on a flat rate basis for the same or similar talents or services, and the contract actually operates to the benefit of the exempt organization."

No court of record in this State has construed the exemption provision in Article 7047a-19; therefore, deference must be given the Federal construction. See Attorney General's Opinion No. WW-593 (April 14, 1959). In accordance with such construction, you are advised that before an exemption may be accorded to an exempt organization sponsoring or giving a performance on which admission taxes accrue, (1) all expenses paid by the organization must be actually incurred, and (2) the amount of each expense must bear a reasonable relation to the service rendered. Otherwise, all proceeds cannot be deemed to inure exclusively to the exempt organization. This is true even though the particular talent or service is compensated by a flat fee. Whether certain expenses are reasonable must be determined on the basis of all the facts involved.

Expenses may be paid on the basis of a percentage of the net or gross proceeds. In all such cases it must appear that (1) the maximum amount to be received is a reasonable sum and not more than would ordinarily be received on a flat-rate basis for the same or similar talent or service, and (2) the contract actually operates to the benefit of the exempt organization.

The party claiming a tax exemption must clearly establish that he is entitled thereto. Malone-Hogan Hosp. Clinic Found. v. City of Big Spring, 288 S.W.2d 550 (Tex. Civ.App. 1956, Ref., n.r.e.); Raymondville Memorial Hosp. v. State, 253 S.W.2d 1012 (Tex.Civ.App. 1952, Ref. n.r.e.). In the instant case, even though the two methods of payment are in the alternative, it must be shown that both methods conform to the requirements set forth above. Whether or not "all the proceeds" inure to an exempt organization under the contract here involved is a fact question which must be decided by your department according to the foregoing rules. Exemptions from taxation are to be strictly construed; all doubts as to whether a party is entitled to an exemption must be resolved against the exemption and in favor of taxation. Markham Hospital v. City of Longview, 191 S.W.2d 695 (Tex.Civ.App. 1945, error refused); City of Longview v. Markham-McKee Memorial Hospital, 152 S.W.2d 1112 (Tex.Com. App. 1941, opinion adopted); Santa Rosa Infirmary, et al. v. City of San Antonio, 259 S.W. 926 (Tex.Com.App. 1924, opinion adopted).

Attorney General's Opinion No. WW-15 (February 4, 1957) held that an exempt organization which split admissions on a percentage basis with the entertainment was not entitled to an exemption. This result was based upon a construction of "all the proceeds" as meaning that no expense could be paid on the basis of a percentage of admissions. The opinion points out that the portion of Article 7047a-19 with which we are concerned uses the term "all the proceeds", while the exemption applying to public fairs and exhibitions of live stock uses the term "all the net proceeds." This reasoning is not sound. The Federal construction, quoted above, is to the effect that "all the proceeds" means net proceeds. In addition to this, Article 7047a-19 provides that an exemption will be accorded where "all the proceeds" inure to the State, etc., "if no part of the net earnings thereof inures to the benefit of any private stockholder or individual." Therefore, WW-15 is overruled in so far as it implies that an exemption cannot be granted where an exempt organization pays an expense on a percentage basis.

Attorney General's Opinion No. WW-322 held that the State admission tax did not accrue on admissions charged to attend the Royal Ballet even thogh the local manager of the show was to receive thirty per cent (30%) of the net receipts. Opinion No. WW-15 was reconciled on the basis that the language stressing the significance of the use of the phrase "all the proceeds" was not necessary to a determination of the question involved. The opinion implies that a distinction exists in situations where the exempt organization provides the entertainment, and where the exempt organization sponsors or purchases the entertainment. No valid basis exists for such a distinction. Opinion No. WW-322 is clarified to this extent.

## SUMMARY

In order to qualify for an exemption under Article 7047a-19 all expenses paid by the exempt organization must be actually incurred and must bear a reasonable relation to the service rendered; if such expenses are in excess of what is reasonable under the circumstances, all the proceeds cannot be deemed to inure exclusively to the benefit of the exempt organization. This is true even though the service or entertainment is compensated by a flat fee. Where the amount to be received by a non-

exempt person or organization is based on a percentage of the net or gross proceeds, the organization shall, before exemption may be allowed, establish (1) that the maximum amount to be received on the percentage basis is a reasonable sum and not more than would ordinarily be received on a flat-rate basis for the same or similar talent or services, and (2) the contract actually operates to the benefit of the exempt organization. Where an alternative method of payment is provided, it must be shown that both alternatives conform to the rules set forth above. Whether or not these requirements are met is a fact question to be determined by your department. The burden is on the one claiming exemption to show that he is entitled thereto. All doubts must be resolved against the exemption and in favor of taxation.

Yours very truly,

WILL WILSON
Attorney General

By Jack N. Price
Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Milton Richardson
Charles D. Cabiness
Richard O. Jones

REVIEWED FOR THE ATTORNEY GENERAL:

By: Leonard Passmore