**TEXAS RETIRED TEACHERS RESI-DENCE CORP., Appellant,**

v.

**The CITY OF WACO et al., Appellees.**

**No. 4879.**

Court of Civil Appeals of Texas, Waco.

April 2, 1970.

Rehearing Denied April 30, 1970.

Beard & Kultgen, David B. Kultgen, Thomas L. Cook, Waco, for appellant.

Earl Bracken, Jr., City Atty., Don J. Rorschach, Albert Kuehl, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Texas Retired Teachers Residence Corporation from a judgment non obstante veredicto against it, in favor of plaintiffs, City of Waco and Waco Independent School District, for taxes for 1966 through 1968.

Plaintiffs sued defendant for taxes, penalties and interest, on defendant's real estate, furniture and fixtures for the years 1966 through 1968. Defendant answered that it is an institution of purely public charity; that the property sought to be taxed is used exclusively by it; and that under the laws of Texas such property is exempt from ad valorem taxation.

Trial was to a jury which found, that the residence operated and owned by defendant "during the years 1966, 1967 and 1968, has been operated as an institution of purely public charity."

Plaintiffs moved for judgment non obstante veredicto, asserting that the undisputed evidence established that defendant was not a purely public charity, and that a directed verdict for plaintiffs should have been given.

The trial court after hearing on such motion held "that the evidence raised no issue of fact, that a directed verdict for plaintiffs would have been proper," and granted plaintiffs' motion for judgment non obstante veredicto, for the taxes,

penalties and interest sued for, together with tax lien on defendant's properties.

Defendant appeals contending the trial court erred: 1) In rendering judgment non obstante veredicto in favor of the taxing authorities; and 2) in failing to render judgment in favor of Retired Teachers.

Defendant asserts that whether an institution is a purely public charity is a question of fact,[1] and that since the jury found Retired Teachers was a purely public charity, the only evidence which this court can consider is that which supports the jury's verdict.

In spite of language in the cases cited by defendant to the contrary, we are of the view that whether an organization is a "purely charitable institution," so as to entitle its property to tax exemption, depends on the facts; that the burden is on the organization claiming exemption from taxation to prove the requisite facts; but that the application of the rules of law, to those facts, is for the court, and not the jury to determine. Texas Turnpike Co. v. Dallas County, 153 Tex. 474, 271 S.W.2d 400, 401; River Oaks Garden Club v. City of Houston, Tex., 370 S.W. 2d 851, 854; Hilltop Village v. Kerrville Ind. Sch. Dist., Tex., 426 S.W.2d 943, 948; Kirby Lbr. Corp. v. Hardin Ind. Sch. Dist., Tex.Civ.App., (NRE) 351 S. W.2d 310, 311; David Graham Hall Fdn. v. Highland Park Ind. Sch. Dist., Tex. Civ.App., (NRE) 371 S.W.2d 762, 764.

Defendant is a non-profit corporation with a purpose of providing housing on a non-profit and charitable basis for old people who would otherwise be unable to fully care for themselves. Its trustees have never profited in any way from the operation. Defendant owns and operates Stillwell Memorial Residence in Waco, the facilities against which plaintiffs assert ad valorem taxes are due. The facilities were established with contributions from the public, and from a federally guaranteed mortgage loan. No one is refused care at the home because of inability to pay. The rates are set below cost; the home operates at a loss of $30,000. to $50,000. per year, the resulting deficit being made up by contributions through solicitation efforts of Retired Teachers. Defendant has 88 apartments with a capacity of housing 104 residents. It provides utilities, maid service, food, and recreational facilities. Its prices range from $160. per month for a single, to $300. per month for a double. Most of the residents are retired teachers who receive teachers' retirement in amounts of $130. to $150. per month. The lowest retirement pay of a retired teacher is $70. per month. At trial the home had 94 residents, all of whom except five, paid the set rate. The five received charitable assistance through the home. There are seven retired teachers living in the residence receiving less than $100. per month income. The By Laws provide that "If from any cause, physical or otherwise, the person is found objectionable, such person shall not be admitted. * * * The trustees may admit eligible applicants to the Residence on such terms as the financial condition of the Corporation and the circumstances of any particular applicant may, in their judgment warrant"; and "No person shall be admitted to the residence without the approving vote of at least eight trustees." The application and screening procedure for admissions to the home were used during 1966, 1967 and 1968 only to determine whether the applicant is a person who can be cared for with the available facilities, and screen out alcoholics, psychotics, etc.

Article VIII Section 2 of the Texas Constitution, Vernon's Ann.St., provides: " * * * the legislature may, by general laws, exempt from taxation * * * all buildings used exclusively and owned by

1. Citing Methodist River Oaks Apts. v. City of Waco, Tex.Civ.App. (NRE) 409 S.W.2d 485, Cert. denied 389 U.S. 848, 88 S.Ct. 75, 19 L.Ed.2d 117; and Malone-Hogan Hospital Clinic Fdn. v. City of Big Spring, Tex.Civ.App. (NRE) 288 S.W.2d 550.

\* \* \* institutions of purely public charity \* \* \*".

And Article 7150 Vernon's Ann.Tex.Civ. St. provides: "The following property shall be exempt from taxation: \* \* \* "7. Public charities—All buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, \* \* \*."

■ The activity of providing facilities to meet the special residential requirements of the aged *may* qualify an institution for tax exemption as a purely public charity. And if the institution does so qualify, the fact that some pay the full cost of the service, or that such group predominates over those unable to pay does not destroy or impair the character of the institution as one of purely public charity. Hilltop Village, Inc. v. Kerrville Ind. Sch. Dist., Tex., 426 S.W.2d 943.

■ An organization is not an "Institution of purely public charity" within the constitutional and statutory tax exemption, unless the organization: 1) Makes no gain or profit; 2) accomplishes ends wholly benevolent; 3) benefits persons, indefinite in numbers and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the State. City of Houston v. Scottish Rite, 111 Tex. 191, 230 S.W. 978; River Oaks Garden Club v. City of Houston, Tex., 370 S.W.2d 851; Hilltop Village, Inc. v. Kerrville Ind. Sch. Dist., Tex., 426 S.W. 2d 943.

In Hilltop, the court, quoting River Oaks, reiterated: "An organization is not an institution of purely public charity within the meaning of the constitutional exemption unless it assumes, to a material extent, that which otherwise *might* become the obligation or duty of the community or the state. \* \* \*."

■ The question here is, whether under (what amounts to) an undisputed factual situation, the operation of Stillwell for the years 1966 through 1968, meets the requirements of a "purely public charity", as prescribed by our Supreme Court.

The evidence shows that during the years in question the operation was nonprofit with a purpose of providing housing on a charitable basis for old people who would otherwise be unable to fully care for themselves; that no one was refused care at the home because of inability to pay; that none of the residents paid the full cost of their care; that five did not pay the rates, but received charity to pay a portion of such amounts; and that seven have income of less than $100. per month. Thus a number of the residents were unable to completely care for themselves; and if they were not in Stillwell, someone would have had to take care of them. We think Stillwell assumed to a material extent, that which otherwise might have become the obligation of society or government.

We think defendant measured up to the test prescribed by the cited authorities during the three years involved, and that the trial court should have rendered judgment for defendant.

The judgment is reversed, and judgment rendered that plaintiffs take nothing.

Reversed and rendered.

