

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

**AUSTIN, TEXAS 78711**
January 28, 1971

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. M-778

Re: Whether the Woman's Club
of Houston, Harris County,
Texas, is exempt from ad
valorem taxation.

You request our opinion as to whether the Woman's Club of Houston is exempt from ad valorem taxation for certain real estate owned by it in Harris County, Texas. A portion of the property is merely vacant land adjoining the two-story building used as the organization's clubhouse, which is located at #4 Chelsea Place.

According to the information submitted, this club was chartered in 1902 as a non-profit corporation. Its corporate purpose is stated as:

"for the support of any literary, social, scientific,
charitable or benevolent undertaking, and to this
end the object of this association shall be to create
a solidarity of feeling among women upon a basis
of common interest; to further literary culture; to
encourage education; to cultivate art; to investigate
science; to study social questions; to assist in phil-
anthropic works; and last but not least, to prove that
a fine social life is the end and result of the best
civilization."

You advise that the Club is a branch of the Texas Federation of Women's Clubs and is the original organizer of this group in Houston. The Club has claimed exemption under Section 19, Article 7150, Taxation, Vernon's Civil Statutes (quoted hereafter), but has been denied this exemption by city, school and county authorities.

The following information was furnished with regard to some of the club's activities:

"They make contributions to various local organi-
zations, such as The Houston Symphony Orchestra,
various libraries, etc.

-3786-

"They furnish scholarships as well as make con-
tributions to various local colleges who are not
supported by State funds.   They also provide for
a needy student (college) the use rent free of a
garage apartment located behind their clubhouse.

"They help furnish and roll bandages for the
American Cancer Society.

"They have set up a program whereby they work
through the local high schools and train students
to work with handicapped children, and then they
in turn do voluntary work at The Cerebral Palsy
Centers.

"The upstairs portion of their clubhouse is being
rented or leased to a French School.   It is a pri-
vate school and is non-profit making, being operated
by a French couple.

"The downstairs portion of the house is sometimes
rented for wedding receptions.

"The building at #4 Chelsea Place is used to hold
meetings of the club, as well as other activities in
connection with projects such as heretofore men-
tioned.

"One of the rooms of the downstairs portion of the
building also houses a very tiny shop which is open
most of the time, and the merchandise consists of
various items donated by members.   Most of these
items are small and would be considered 'white
elephants' or 'garage sale' type of merchandise.

"The club contends that all monies made from these
various activities are used for charitable purposes.

". . . they started the first free kindergarden in
the City of Houston; they got the first $50,000.00

-3787-

from Andrew Carnegie to start the Public Library
and have maintained an interest and support through
the years . . ."

Membership to the Club is open to all women, regardless of race.
There was no information submitted on whether all applicants for membership are accepted or whether there is a discretionary power to review
applicants before acceptance. The Club's income is derived from the
following sources ". . . rentals of the clubhouse from the French school,
itself a tax exempt organization, dues, sale of discarded articles from
members and friends, donations from members."

The Texas Constitution; Article VIII, Section 2, does not itself
create any exemptions, but sets forth the property which the Legislature
can exempt by general laws from ad valorem taxation. Said Article in its
relevant portion, reads:

"All occupation taxes shall be equal and uniform
upon the same class of subjects within the limits
of the authority levying the tax; but the Legislature
may, by general laws, exempt from taxation . . .,
all buildings used exclusively and owned by . . .
institutions of purely public charity; and all laws
exempting property from taxation other than the
property above mentioned shall be null and void."
(Emphasis added.)

The Legislature is powerless to exempt an organization unless it
is either a purely public charity or unless it comes within one of the other
enumerated classes of property set forth in the Constitution. Attorney
General's Opinion No. M-517 (1969) and City of San Antonio v. Young Men's
Christian Association, 285 S.W. 844 (Tex. Civ. App., 1926, error ref.)

Pursuant to its Constitutional authority, the Legislature enacted
Article 7150, Vernon's Civil Statutes, which provides certain exemptions
from ad valorem taxes. Pertinent sections of this article are quoted:

"7. Public Charities. All buildings and personal
property belonging to institutions of purely public
charity, together with the lands belonging to and oc-
cupied by such institutions, including hospital park-

ing facilities, not leased or otherwise used with
a view to profit, unless such rents and profits and
all monies and credits are appropriated by such
institutions solely to sustain such institutions and
for the benefit of the sick and disabled members
and their families and the burial of the same, or for
the maintenance of persons when unable to provide
for themselves, whether such persons are members
of such institutions or not.  An institution of purely
public charity under this article is one which dis-
penses its aid to its members and others in sickness
or distress, or at death, without regard to poverty
or riches of the recipient, also when funds, property
and assets of such institutions are placed and bound
by its law to relieve, aid and administer in any way
to the relief of its members when in want, sickness
and distress, and provide homes for its helpless and
dependent members and to educate and maintain the
orphans of its deceased members or other persons;

. . .

"19.  Federation of Women's Clubs.  Hereafter the
property of the organization known as the Texas
Federation of Women's Clubs of Texas shall be exempt
*from taxation in this state.*"  (Emphasis added.)

Even though the Woman's Club of Houston has been called a "branch"
of the Texas Federation of Women's Clubs of Texas, whose property is al-
legedly exempt from taxation under Article 7150, Section 19, it is not the
Texas Federation of Women's Clubs of Texas, a corporation with headquarters
located in Austin, Texas, but rather a separate corporation and institutional
entity and therefore does not fall within that legislative exemption.  We are
now left to decide whether the Woman's Club is an institution of purely public
charity within the meaning of any other provision of Article 7150, supra, and
the cases construing it.

This leads to a consideration of Section 7, supra.  In the case of San
Antonio Conservation Society v. City of San Antonio, 455 S. W. 2d 743 (Tex.
Sup. 1970) the Court held that said section "concerns and defines charity in
the sense of almsgiving, " and that the following three cases "state rules

which an institution must meet to qualify for that kind of charity. " : City of Houston v. Scottish Rite Benev. Ass'n., 111 Tex. 191, 230 S.W. 978 (1921); Santa Rosa Infirmary v. City of San Antonio, 259 S.W. 926 (Tex. Comm. App., 1924) and Hilltop Village, Inc. v. Kerrville Independent School District, 426 S.W. 2d 943 (Tex. Sup. 1968.)

These rules, as found in City of Houston v. Scottish Rite Benev. Ass'n., supra, are:

". . . First, it made no gain or profit; second, it accomplished ends wholly benevolent; and, third, it benefited persons, indefinite in numbers and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the state.

". . . Charity need not be universal to the public. It is public when it affects all the people of a community or state, by assuming, to a material extent, that which otherwise might become the obligation or duty of the community or the state. The care of those unable to provide for themselves certainly may devolve on those of the same community or state. . . .." (p. 981.)

In this case, the court concluded that a corporation formed to provide for the relief of needy Masons, their wives, widows, mothers and children, even though restricted to voluntary members of the Masonic Order and their relatives, might reasonably be classified as an institution of purely public charity. However, exemption was denied because the property therein was used by Masonic organizations, whose activities included other fields than charity.

It was further stated in Hilltop Village, Inc., v., Kerrville Independent School District, supra, at pp. 946-947:

"To qualify under these Constitutional and Statutory requirements, an institution must be one of purely public charity in the purposes for which it is formed and in the manner and means it has adopted for the

accomplishment of such purposes; this being so,
and in addition, the properties which are the sub-
ject of the claimed exemption must be owned and
used exclusively by the institution in furthering its
charitable activities.  Briefly stated, there must
be a dedication of the properties to charitable uses
accompanied by actual uses for such purposes. "

When we consider the charter purposes of the Club listed at the
outset of this opinion, it will be noted that some of the purposes listed fall
short of being of the "almsgiving" nature required by Section 7 of Article
7150.

In River Oaks Garden Club v. City of Houston,  370 S. W. 2d 851 (Tex.
Sup. ,  1963), a garden club was held not to be an institution of purely public
charity.  The court stated therein, at page 856:

".  .  . The fact that an organization performs
some charitable acts or engages in some charitable
activity is not enough to qualify it for the tax exemp-
tion provided in Section 2, Article VIII of the Con-
stitution . . . " (Emphasis added. )

In San Antonio Conservation Society,  supra,  the Court indicated that
the almsgiving type of charity exempted in Section 7 did not exhaust the legis-
lative power given in the Constitution and that other exemptions could be en-
acted so long as they came under the broad heading of "purely public charity"
contained in the Constitution.  The Court held that the exemption of historical
societies under Section 20 was a valid enactment.

The application of exemptions is governed by the rule:

"All statutes for the exemption of property from
taxation are to be strictly construed against the
exemption, and in favor of taxation.  The burden
of showing that an exemption exists rests upon the
party who claims it . . . " City of Waco v. Texas
Retired Teacher Residence Corporation,  Tex. Sup.
Ct. Journal No. Vol. 14, No. 11, p. 142 (December

19, 1970), reversing 453 S. W. 2d 236 (Tex. Civ. App. 1970.)

In accordance with the case law rule of strict construction of exemptions, it is the responsibility of the Woman's Clubs of Houston to assert the particular facts which bring it strictly within the Section of Article 7150 under which it claims exemption.

Under the facts submitted and the law applicable thereto, it is the opinion of this office that the Woman's Club of Houston, even though engaged in many worthy projects, has failed to discharge the burden under the case law to establish its claim for exemption under Section 7 of Article 7150, *supra*. We are aware of the opinion of the Attorney General, dated May 3, 1935 (Book 363, p. 631, to the then County Attorney of Travis County) concerning the Texas Federation of Women's Clubs of Texas. The charter, by-laws and method of operation disclosed there differ from those here shown. The facts are distinguishable and thus the conclusion reached as to tax status is not controlling here. Upon the basis of the authorities and reasoning heretofore cited, it is our opinion that the Woman's Club of Houston, with its present operations, charter, and the use of its property, is not an institution of purely public charity within the meaning of Article 7150, Section 7, and is not exempt under any other provision of law applicable to the facts submitted. Its principal purpose and actual undertakings are not shown to be purely charitable. The extent of charity contributed to the public, which is required to be substantial, is not shown by the facts submitted. The organization's property has been rented out for non-charitable purposes, as above discussed together with other matters. Consequently, the burden of proof on the Club has not been sustained.

## SUMMARY

The Woman's Club of Houston is not entitled under the facts submitted to an exemption from ad valorem taxes as an institution of purely public charity within the meaning of Article 7150, Section 7, Vernon's Civil Statutes, or under any other provision of law applicable to the facts submitted.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. E. Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman

Jim Broadhurst
S. J. Aronson
Terry Goodman
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant